STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DR. DR. B.L. ROSENFELD and J. GLASS, as the parents of Scott Rosenfeld, a Black Man who was killed in custody by the Burbank, California police,<br><br>Plaintiff,<br><br>v.<br><br>BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BURBANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE, and TWENTY UNKNOWN, NAMED CITY OF BURBANK POLICE OFFICERS DEFENDANTS, 1-20,<br><br>Defendants. | **COMPLAINT**<br><br>(Burbank Police Brutality 42 U.S.C. § 1983, 18 U.S.C. § 1961, *et seq.*)<br><br>**CLASS ACTION ALLEGATIONS**<br><br>**JURY DEMAND** |

Plaintiffs make the following allegations, on information and belief, in support of the this complaint:

**JURISDICTION AND VENUE**

1

1. Plaintiffs are **DR. DR. B.L. ROSENFELD** and **J. GLASS,** who are the parents of their deceased son, Scott Rosenfeld, and who assert claims both as survival claims and in their own right, and assert federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendants, who are **BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BURBANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE,** and **TWENTY UNKNOWN, NAMED CITY OF BURBANK POLICE OFFICERS DEFENDANTS, 1-20**, and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims, defendants' conduct affects and interferes with interstate commerce, and jurisdiction lies pursuant to both diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), as plaintiffs are, respectively, citizens of Texas and Maryland, and all defendants are citizens of California, and pursuant to supplemental jurisdiction, under 28 U.S.C. § 1367.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Burbank, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff and all class members, whose number presently is unknown, are persons who have been subject to Burbank police brutality and deliberate indifference, and defendants are the perpetrators of police brutality and deliberate in difference; and the **UNKNOWN NAMED DEFENDANTS**, whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, are persons

who may have engaged in some conduct that is culpable with respect to plaintiffs and their deceased son, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged.

4. Defendants each and all are sued in both their individual capacities, and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only; and in their individual capacities only for the RICO violations hereinbelow alleged.

5. Plaintiffs and class members all are persons who have been brutalized and subjected to deliberate indifference, to both constitutional violations and RICO violations by defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the LAPD.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. On or about Jan. 2, 2022, Burbank police took into their custody Scott Rosenfeld, a Black man, who was exhibiting signs of both emotional and physical distress, such that a reasonable police officer, some defendants herein, would have known that she or he had a constitutional duty under both the Eighth Amendment, by way of the Fourteenth Amendment, not to be deliberately indifferent to Scott Rosenfeld's serious medical needs, they were deliberately indifferent to his serious medical needs, they placed him in jail cells, and he died while in their custody as a direct and proximate result of their deliberate indifference and unconstitutional policies and customs of the Burbank police department, which ignore the requirement not to be deliberately indifferent to the serious medical needs of those in their custody.

10. The non-Burbank police defendants each and all are legally liable for all of this conduct because they caused it, ratified it, condoned it, approved of it, both before and after the fact of Scott Rosenfeld's death, or otherwise made it possible, by their actions and/or inactions, and caused and/or create Burbank police policies, practices, procedures, and/or customs that caused the Burbank police officers' unconstitutional conduct.

## COUNT ONE

(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiffs re-allege specifically the allegations set forth in averments 9 & 10, hereinabove, and by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983, for violation of decedent's and plaintiffs' Fourth, Eighth, and Fourteenth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, and arrests, and not to be treated while in custody with deliberate indifference by police.

//
//

## COUNT TWO
### (Against All Defendants for Conspiracy Under § 1983)

12. Plaintiff reallege specifically hereat the allegations set forth at averments nine through 11, hereinabove, and by virtue thereof, all defendants also are liable to plaintiff for conspiracy to violate Fourth Amendment, Eighth Amendment, and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement or understanding that the wrongs perpetrated would be perpetrated, to wit, that they would ignore and be deliberately indifferent to Scott Rosenfeld's and his parents constitutional rights.

## COUNT THREE
### (Against All Defendants Under Sec. 1983)

13. All defendants are liable to plaintiffs because they had and have, and foster, a policy, practice, procedure, and custom of Fourth, Eighth, and Fourteenth Amendment violations by members of the Burbank police department, which policies, *etc.*, in violation of the Constitution, were moving forces that caused the violation of the plaintiffs' rights, as alleged herein; and also the City Council and mayoral defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, Burbank police officers for punitive damages assessed against those officers by juries in civil rights cases, because that practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

## COUNT FOUR
### (Against All Defendants Under The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*)

14. The racketeering activity herein alleged is obstruction of justice, and the obstruction of justice occurred by defendants preventing plaintiffs and their

deceased son and class members from exercising their federal constitutional rights, as set forth hereinabove.

15. Defendants unlawfully have engaged in the racketeering activity set forth in the preceding averments on thousands of occasions during the past 10 years, and from time immemorial, through a pattern of racketeering activity, and have acquired directly and indirectly control of an enterprise, the Burbank police department, which has engaged in and whose activities affect interstate commerce.

16. Defendants, who either are employed by or who are associated with, that racketeering enterprise, have conducted that enterprise through a pattern of racketeering activity, as set forth hereinabove.

17. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. §§ 1962(b) and (c).

20. Plaintiffs and class members all were injured in their business, property, and/or employment by reason thereof, and plaintiffs and class members each and all are entitled to damages, to be trebled, and plaintiffs and class members each and all are entitled to injunctive relief as requested hereinabove.

## COUNT FIVE
(Negligence and Survival)

21. Plaintiffs on Jan. 7, 2022 timely filed with the Burbank City clerk a claim for damage pursuant to Cal. Govt. Code § 911.2, and that claim was denied on Jan. 18, 2022.

22. Defendants had a legal duty to plaintiff and to their son to be careful with respect to his care, they carelessly breached that duty, and that breach was both a factual and proximate cause of the deceased's death, which harmed both the deceased and plaintiffs.

//
//

## COUNT SIX
### (Cal. Civil Code §52.1, The Tom Bane Act)

23. California's Bane Act makes liable under California law any person who intentionally interferes with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights, and here Burbank police defendants and the other defendants acted with reckless disregard for plaintiffs' decedent's and plaintiffs' constitutional rights.

24. Defendants' conduct was unreasonable and was a substantial factor in causing plaintiffs' decedent and plaintiffs harms and damages, and the defendants in their official capacities are liable for plaintiffs' decedent's and plaintiffs' injuries.

25.-199. Reserved.

## COUNT SEVEN
### (Violation of *Jus Cogens* International Law)

200. Defendants' actions, as set forth hereinabove, are in clear violation of and are prohibited by the *jus cogens,* peremptory norms of international law that, among other things, prohibit unlawful takings into custody by government.

201. Such *jus cogens,* peremptory norms are the law of the land in the United States of America, and plaintiff and class members are entitled to damages for the harm caused to them by defendants' violations of *jus cogens*, peremptory norms, and to declaratory and injunctive relief, because the Ninth Circuit, in *Siderman v. Republic of Argentina,* 965 F.2d 699 (9th Cir. 1992), has held these prohibitions to be *jus cogens* norms. That is, plaintiff and class members claim defendants are liable to plaintiff and class members for subjecting them unlawful detentions, in violation of *jus cogens* peremptory norms of international law, whose violation, in turn, is a violation of the law of the United States of America, under the Supremacy Clause of the United States Constitution.

//

## COUNT EIGHT
(Violation of *Jus Dispositivum* International Law)

203. Defendants' actions, as set forth hereinabove, are in clear violation of the *jus dispositivum* treaty obligations entered into by the United States of America, and which obligations, pursuant to Article VI, Clause 2 of the United States Constitution (the Supremacy Clause), are "the supreme law of the land . . . any thing in the Constitution or laws of any state to the contrary notwithstanding."

204. The specific treaties whose provisions prohibit unlawful detentions and cruel and unusual punishments, to which the United States of America is a signatory, and whose provisions were violated by defendants, are: Universal Declaration of Human Rights, G.A. Res. 217 (A) (III), U.N. Doc. A/810 at 71 (1948); the Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 3452 (1975); Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, annex 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51, art. 1 (1984); Body of Principles for the Protection of all Persons under Any Form of Detention or Imprisonment, G.A. Res. 43/173, 43 U.N. GAOR Supp. (No. 49), U.N. Doc. A/43/49, at 297, Principle 5 (1988); the American Convention on Human Rights, O.A.S. Treaty Series No. 36, at 1, OEA/Ser. L./V/II.23 doc. Rev. 2, Art. 5); International Covenant on Civil and Political Rights, G.A. Res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 171, Art. 7; and, the European Convention for the Protection of Human Rights and Fundamental Freedoms, 213 U.N.T.S. 222, Art. 3, and by engaging in the conduct alleged, defendants violated those treaties and conventions, and thereby violated the laws of the United States of America, through the Supremacy Clause.

205. By virtue of the violations of the provisions of these treaties, plaintiff and class members are entitled to recover nominal damages and punitive damages from defendants, and to declaratory and injunctive relief.

206.-220. Reserved.

## CLASS ACTION ALLEGATIONS

221. Plaintiffs are members of a classes of persons (1) who have been harmed by the actions as set forth hereinabove and of (2) the class of persons who are the families of and heirs or successors in interest of class, all of whose members have been harmed by unconstitutional conduct by Burbank police and their superiors and government actors and policymakers.

222. These classes are so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of classes, and are the only persons who have information sufficient to identify the members of classes), it is impracticable to join the members of those classes in these actions.

224. There are common questions of fact and of law with respect to each class.

225. The claims made by the representative parties are typical of the claims of each class' claims.

226. The representatives of each class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

227. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally

applicable to each class, and class questions predominate with respect to each class.

228. Therefore, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A),(B)(1),(2), and (3).

229. It is impracticable to measure the size of the classes, but they are as large as the numbers of suspects encountered at any given by Burbank police officers at any given time, or over a period of time.

230. The nature of the notice to be provided to class members could be as follows: an advertisement or public service notice could be placed in appropriate media; and, once members are identified, the court could fashion an appropriate notice.

**WHEREFORE**, plaintiffs and class members request relief against each defendant as follows:

1. Compensatory damages for all non-RICO violations;

2. Compensatory damages for all RICO violations, to be trebled;

3. Punitive damages on all non-*Monell* claims, sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $1,000,000.00 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

### YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
STEPHEN YAGMAN