1  ASHLEE P. CLARK, SR. ASST. CITY ATTY.
   State Bar No. 278672
2  JILL A. VANDER BORGHT, SR. ASST. CITY ATTY.
   State Bar No. 240004
3  JOSEPH MCDOUGALL, CITY ATTORNEY
   State Bar No. 197689
4  275 East Olive Avenue
   Burbank, CA 91502
5  Tel: (818) 238-5707
   Fax: (818) 238-5724
6  Email: AClark@burbankca.gov
   Attorneys for Defendants BURBANK MAYOR TALAMANTES, BURBANK
7  CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER,
   BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER
8  WILKE, BURBANK POLICE CHIEF ALBANESE

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13  DR. DR. B.L. ROSENFELD and J.        )   Case No.: 2:22-cv-00497-DSF-E
    GLASS, as the parents of Scott       )
14  Rosenfeld, a Black Man who was       )
    killed in custody by the Burbank,    )   Assigned to the Hon. Dale S. Fischer
15  California police,                   )
                                         )   **DEFENDANTS' NOTICE OF**
16              Plaintiffs,              )   **MOTION AND MOTION TO**
                                         )   **DISMISS PLAINTIFFS'**
17          v.                           )   **COMPLAINT FOR DAMAGES;**
                                         )   **MEMORANDUM OF POINTS**
18  BURBANK MAYOR JESS                   )   **AND AUTHORITIES IN SUPPORT**
    TALAMANTES, BURBANK CITY             )   **THEREOF**
19  COUNCIL MEMBERS                      )
    KONSTANTINE ANTHONY,                 )   [Fed. R. Civ. P. 12(b)(1); 12(b)(6)]
20  ROBERT FRUTOS, NICHOLAS              )
    SCHULTZ, SHARON SPRINGER,            )   **HEARING**
21  BURBANK CITY MANAGER                 )   Date:       April 25, 2022
    JUSTIN HESS, BURBANK ASST.           )   Time:       1:30 p.m.
22  CITY MANAGER JUDIE WILKE,            )   Location:   7D
    BURBANK POLICE CHIEF                 )
23  MICHAEL ALBANESE, and                )
    TWENTY UNKNOWN, NAMED                )   Complaint Filed: January 24, 2022
24  CITY OF BURBANK POLICE               )   Discovery Cut-Off:    Not set
    OFFICERS DEFENDANTS, 1-20,           )   Final Pre-Trial Conf.:  Not set
25                                       )   Trial Date:           Not set
               Defendants.              )
26                                       )
                                         )
27  _____)

28                                     1
    ───────────────────────────────────────────────
            NOTICE OF MOTION AND MOTION TO DISMISS
                   COMPLAINT FOR DAMAGES

**TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 25, 2022 at 1:30 p.m., or as soon thereafter as may be heard, in Courtroom 7D of the United State District Court located at 350 W. 1st Street, Los Angeles, CA 90012, the Honorable Dale S. Fischer presiding, Defendants, Burbank Mayor Jess Talamantes, Burbank City Council Members Konstantine Anthony, Robert Frutos, Nicholas Schultz, Sharon Springer, Chief of Police Michael Albanese, Burbank City Manager Justin Hess, and Burbank Assistant City Manager Judie Wilke (collectively hereinafter "Defendants") will and hereby do move to dismiss Plaintiffs' Complaint for Damages ("Comp.") in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). This Motion is made on the following grounds:

1.  Plaintiffs' First Claim: Count One – "42 U.S.C. § 1983" fails to state a claim upon which relief may be granted as there are insufficient facts to demonstrate Defendants violated Plaintiffs' or Scott Rosenfeld's rights under the Fourth, Eighth and/or Fourteenth Amendments.

2.  Plaintiffs' Second Claim: Count Two – "Conspiracy Under § 1983" fails to state a claim upon which relief may be granted because there are insufficient facts to demonstrate a constitutional violation and the claim is barred by the intra-corporate conspiracy doctrine.

3.  Plaintiffs' Third Claim: Count Three – "Under Sec. 1983" fails to state a claim upon which relief may be granted because there are insufficient facts to demonstrate *Monell* liability.

4.  Plaintiffs' Fourth Claim: Count Four – "Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*" fails to state a claim upon which relief may be granted because Plaintiffs have no standing as there

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

are no alleged injuries to "business or property," and there are insufficient facts to demonstrate the requisite conduct and pattern of racketeering as neither civil rights violations nor personal injuries are recoverable under RICO.

5. Plaintiffs' Fifth Claim: Count Five – "Negligence and Survival" fails to state a claim upon which relief may be granted and Defendants are immune from California State Law claims under Cal. Gov't Code § 820.2, 820.8, 844.6, and 845.6.

6. Plaintiffs' Sixth Claim: Count Six – "Cal. Civil Code § 52.1, The Tom Bane Act" fails to state a claim upon which relief may be granted because there is no underlying constitutional violation and there is no standing for a wrongful-death claim under this statute; further, Defendants are immune from California State Law claims under Cal. Gov't Code § 820.2, 820.8, 844.6, and 845.6.

7. Plaintiffs' Seventh Claim: Count Seven – "Violation of *Jus Cogens* International Law" fails to state a claim upon which relief may be granted because there are insufficient facts to demonstrate violation of any *jus cogens* norm and this Court lacks subject matter jurisdiction because there is no private right of action available for such a claim.

8. Plaintiffs' Eighth Claim: Count Eight – "Violation of *Jus Dispositivum* International Law" fails to state a claim upon which relief may be granted because this Court lacks subject matter jurisdiction as there is no private right of action as to the identified treaties.

9. Plaintiffs' Ninth Claim: Count Nine – Class Action Allegations fail to state a claim upon which relief may be granted as the class lacks commonality and typicality.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

1    Defendants' motion is based on this notice, the accompanying Memorandum
2    of Points and Authorities, the arguments of counsel should the Court hold a hearing
3    on this motion, Defendants' reply memorandum, and such matters as the Court may
4    take judicial notice pursuant to Federal Rules of Evidence, Rule 201.

5    This motion is made following the conference of counsel pursuant to L.R. 7-
6    3 which was conducted on March 15, 2022.

7

8    DATED:  March 22, 2022

9                                          Respectfully submitted,
10                                         City Attorney's Office of the City of
                                           Burbank

11

12   By: _____
13                                         Ashlee P. Clark
                                           Senior Assistant City Attorney
14                                         Attorney for Defendants BURBANK
                                           MAYOR JESS TALAMANTES,
15                                         BURBANK CITY COUNCIL
                                           MEMBERS KONSTANTINE
16                                         ANTHONY, ROBERT FRUTOS,
                                           NICHOLAS SCHULTZ, SHARON
17                                         SPRINGER, BURBANK CITY
                                           MANAGER JUSTIN HESS,
18                                         BUBRANK ASST. CITY
                                           MANAGER JUDIE WILKE,
19                                         BURBANK POLICE CHIEF
                                           MICHAEL ALBANESE

20

21

22

23

24

25

26

27

28

4

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

# **TABLE OF CONTENTS**

I.      INTRODUCTION ………………………..……….....…..…1

II.     PLAINTIFFS' CLAIMS …………………………………....…2

III.    FACTUAL ALLEGATIONS ……………………………....…2

IV.     LEGAL STANDARD ON MOTION TO DISMISS…...……………..…3

        a.  Rule 12(b)(1) – Lack of Subject Matter Jurisdiction…….………3

        b.  Rule 12(b)(6) – Failure to State a Claim……………………..…4

V.      THE INDIVIDUAL CAPACITY SECTION 1983 CLAIMS FAIL.............5

        a.  Decedent's Fourteenth Amendment Claim Fails……………..…..6

        b.  Plaintiffs' Individual Fourteenth Amendment Claim Also Fails……..9

VI.     PLAINTIFFS' *MONELL* CLAIMS FAIL AS TO ALL DEFENDANTS…10

VII.    PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE CONSPIRACY……..11

VIII.   THE RICO CLAIM FAILS AS A MATTER OF LAW……………….13

IX.     THERE IS NO SUBJECT MATTER JURISDICTION AS TO PLAINTIFFS'

        INTERNATIONAL LAW CLAIMS………………………………15

        a.  *Jus Cogens* Claims Fail…………………………………16

        b.  Violations of *Jus Dispositivum* Claim Fails…………………17

X.      PLAINTIFFS' NEGLIGENCE/SURVIVAL CLAIMS FAIL…………..19

XI.     THE  BANE  ACT  CLAIM  FAILS  AS  THERE  ARE  INSUFFICIENT

        ALLEGATIONS OF THREATS, INTIMIDATION, OR COERCION…...20

XII.    STATUTORY IMMUNITIES BAR STATE LAW CLAIMS……………21

i

a. Discretionary Act Immunity (Gov't Code § 820.2) and Immunity for Liability for Actions of Others (Gov't Code § 820.8)………………21

b. Immunity from Injury to Prisoners (Gov't Code § 844.6)……………23

c. Immunity from Failure to Provide Medical Care (Gov't Code § 845.6)………………………………………………………..23

XIII. THE CLASS CLAIMS FAIL………………………………….....……..24

XIV. CONCLUSION……………………………………..…………...25

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................... 4, 5, 9

*Auguste v. Ridge*,
395 F.3d 123 (3d Cir. 2005) ................................................................... 18

*Austin B. v. Escondido Union Sch. Dist.*,
149 Cal. App. 4th 860 (2007) ................................................................ 20

*B.B. v. Cnty. of Los Angeles*,
25 Cal.App.5th 115 (2018) .................................................................... 20

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ................................................................... 4

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993) .............................................................. 13, 14

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,
520 U.S. 397, 117 S. Ct. 1382 (1997) ............................................... 10, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 4

*Bowen v. Oistead*,
125 F.3d 800 (9th Cir. 1997) .................................................................. 14

*Brouwer v. Raffensperger, Hughes & Co.*,
199 F.3d 961 (7th Cir. 2000) .................................................................. 13

*Burgdorf v. Funder*,
246 Cal. App. 2d 443 (Ct. App. 1966) ................................................... 21

*Cabral v. Cty. of Glenn*,
624 F. Supp. 2d 1184 (E.D. Cal. 2009) .................................................. 23

iii

*Caldwell v. Montoya*,
  10 Cal. 4th 972, 897 P.2d 1320 (1995) ................................................. 22

*Cassettari v. Nevada Cty., Cal.*,
  824 F.2d 735 (9th Cir. 1987) ............................................................ 12

*Castaneda v. Dep't of Corr. & Rehab.*,
  212 Cal. App. 4th 1051 (2013) .......................................................... 24

*Cetacean Community v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) ........................................................... 5

*Connick v. Thompson*,
  563 U.S. 51, 131 S. Ct. 1350 (2011) ................................................. 11

*Connor v. Halifax Hosp. Med. Ctr.*,
  135 F. Supp. 2d 1198 (M.D. Fla. 2001) ............................................ 14

*Curnow By & Through Curnow v. Ridgecrest Police*,
  952 F.2d 321 (9th Cir. 1991) ............................................................. 9

*DeMauro v. DeMauro*,
  115 F.3d 94 (1st Cir. 1997) ............................................................. 15

*Diaz v. Gates*,
  420 F.3d 897 (9th Cir. 2005) ........................................................... 13

*Doe v. Roe*,
  958 F.2d 763 (7th Cir. 1992) ........................................................... 14

*Dubner v. City & Cty. of San Francisco*,
  266 F.3d 959 (9th Cir. 2001) ........................................................... 10

*Edmo v. Corizon, Inc.*,
  935 F.3d 757 (9th Cir. 2019) ......................................................... 6, 7

*Ex parte McCardle*,
  74 U.S. 506 (1868) ......................................................................... 3

iv

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

1
2
*Fayle v. Stapley*,
  607 F.2d 858 (9th Cir. 1979).............................................................. 5

3
4
*Fazaga v. Fed. Bureau of Investigation*,
  965 F.3d 1015 (9th Cir. 2020) ........................................................ 12

5
6
*Filartiga v. Pena-Irala*,
  630 F.2d 876 (2d Cir. 1980).............................................................. 18

7
8
*Fleischhauer v. Feltner*,
  879 F.2d 1290 (6th Cir. 1989) ........................................................ 14

9
10
*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*,
  528 U.S. 167 (2000)............................................................................ 5

11
12
*Gates v. Superior Ct.*,
  32 Cal. App. 4th 481 (1995) ........................................................... 21

13
14
*Gordon v. Cty. of Orange*,
  888 F.3d 1118 (9th Cir. 2018) .................................................... 6, 7

15
16
*Goren v. New Vision Int'l, Inc.*,
  156 F.3d 721 (7th Cir. 1998)........................................................... 13

17
18
*Guerrero v. Gates,*
  357 F.3d 911 (9th Cir. 2003).............................................................. 5

19
20
*H.J. Inc. v. Northwestern Bell Telephone Co.*,
  492 U.S. 229, 109 S. Ct. 2893 (1989)............................................. 13

21
22
*Handel v. Artukovic*,
  601 F. Supp. 1421 (C.D. Cal. 1985) .............................................. 16

23
24
*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992)........................................................... 25

25
26
*Hawkins v. Comparet-Cassani*,
  33 F. Supp. 2d 1244 (C.D. Cal. 1999) ........................................... 19

27
28

v
NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

*Hernandez v. City of Napa*,
  781 F. Supp. 2d 975 (N.D. Cal. 2011) ............................................... 11

*Horton by Horton v. City of Santa Maria*,
  915 F.3d 592 (9th Cir. 2019) ............................................................. 19

*Igartua De La Rosa v. United States*,
  32 F.3d 8 ............................................................................................. 18

*In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*,
  978 F.2d 493 (9th Cir. 1992) ............................................................. 17

*In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*,
  25 F.3d 1467 (9th Cir. 1994) ............................................................. 16

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694, 102 S. Ct. 2099 (1982) ............................................... 15

*Islamic Republic of Iran v. Boeing Co.*,
  771 F.2d 1279 (9th Cir. 1985) ..................................................... 17, 18

*Ivey v. Bd. of Regents of Univ. of Alaska*,
  673 F.2d 266 (9th Cir. 1982) ............................................................... 9

*Jett v. Penner*,
  439 F.3d 1091 (9th Cir. 2006) ............................................................. 6

*Johnson v. Duffy*,
  588 F.2d 740 (9th Cir. 1978) ......................................................... 5, 10

*Justus v. Atchison*,
  19 Cal. 3d 564, 565 P.2d 122 (1977) ................................................. 20

*Kane v. Winn*,
  319 F. Supp. 2d 162 (D. Mass. 2004) ............................................... 18

*Kentucky v. Graham*,
  473 U.S. 159, 105 S. Ct. 3099 (1985) ............................................... 10

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

*Kingsley v. Hendrickson*,
   576 U.S. 389, 135 S. Ct. 2466 (2015) ............................................................. 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ........................................................................................ 3

*Krolikowski v. San Diego City Employees' Ret. Sys.*,
   24 Cal. App. 5th 537 (2018) ........................................................................ 21

*Landrigan v. City of Warwick*,
   628 F.2d 736 (1st Cir. 1980) ........................................................................ 12

*Lapachet v. California Forensic Med. Grp., Inc.*,
   313 F. Supp. 3d 1183 (E.D. Cal. 2018) ....................................................... 20

*Leer v. Murphy*,
   844 F.2d 628 (9th Cir. 1988) ........................................................................ 10

*Lucero v. Cty. of Orange*,
   2021 WL 1034861 (C.D. Cal. 2021) ............................................................ 23

*M.H. v. Cty. of Alameda*,
   90 F. Supp. 3d 889 (N.D. Cal. 2013) ........................................................... 20

*Maldonado v. Cty. of Orange*,
   No. 819CV00883JLSJDE, 2019 WL 6139937 (C.D. Cal. Aug. 29, 2019) ........... 8

*Martinez v. Cahill*,
   215 Cal. App. 2d 823 (Ct. App. 1963) ......................................................... 22

*Matter of Extradition of Cheung*,
   968 F. Supp. 791 ........................................................................................... 19

*Mendiola-Martinez v. Arpaio*,
   836 F.3d 1239 (9th Cir. 2016) ....................................................................... 6

*Montana-Dakota Utilities Co. v. Nw. Pub. Serv. Co.*,
   341 U.S. 246, 71 S. Ct. 692 (1951) ............................................................. 15

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

*Nelson v. State of California,*
  139 Cal.App.3d 72 (1982)................................................................23

*Neuroth v. Mendocino Cty.,*
  No. 15-CV-03226-RS, 2018 WL 4181957 (N.D. Cal. Aug. 31, 2018)................7

*Oscar v. Univ. Students Co-op. Ass'n,*
  965 F.2d 783 (9th Cir. 1992)..........................................................14

*OSU Student All. v. Ray,*
  699 F.3d 1053 (9th Cir. 2012) ........................................................10

*O'Toole v. Superior Ct.,*
  140 Cal. App. 4th 488 (2006) .........................................................21

*People of Saipan, By & Through Guerrero v. U.S. Dep't of Interior,*
  502 F.2d 90 (9th Cir. 1974)...........................................................17

*Porter v. Osborn,*
  546 F.3d 1131 (9th Cir. 2008) ..........................................................9

*Quinones v. Cty. of Orange,*
  No. SACV 20-666 JVS (KESx), 2020 WL 5289923 (C.D. Cal. July 15, 2020)..23

*Ramirez v. County of Los Angeles,*
  No. CV 11-5370 AHM MANX, 2012 WL 2574826 (C.D. Cal. July 3, 2012) ....22

*Reed v. Cty. of Santa Cruz,*
  37 Cal. App. 4th 1274 (1995) .........................................................23

*Richardson v. United States,*
  943 F.2d 1107 (9th Cir. 1991) ........................................................15

*Scalia v. Cty. of Kern,*
  308 F. Supp. 3d 1064 (E.D. Cal. 2018).................................................21

*Schultz v. Rhode Island Hosp. Tr. Nat. Bank, N.A.,*
  94 F.3d 721 (1st Cir. 1996)...........................................................13

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479, 105 S. Ct. 3275 (1985) ................................................................. 13

*Siderman de Blake v. Republic of Argentina*,
  965 F.2d 699 (9th Cir. 1992) ........................................................... 16, 17, 18

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................................. 8

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ....................................................................................... 3, 5

*Taylor v. List*,
  880 F.2d 1040 (9th Cir. 1989) ............................................................................. 5

*Tel-Oren v. Libyan Arab Republic*,
  726 F.2d 774 (D.C. Cir. 1984) ........................................................................ 18

*The Paquete Habana*,
  175 U.S. 677, 20 S. Ct. 290, 44 L. Ed. 320 (1900) ........................................ 16

*Thompson v. Oklahoma*,
  487 U.S. 815, 108 S. Ct. 2687 ........................................................................ 18

*Towery*
  14 Cal.App.5th at p. 232 , fn. 5 (2017) ......................................................... 23

*United States v. Fernandez*,
  388 F.3d 1199 (9th Cir. 2004) ........................................................................ 14

*United States v. Matta-Ballesteros*,
  71 F.3d 754 (9th Cir. 1995) ............................................................................ 16

*Warren v. Cty. of Riverside*,
  No. ED CV 18-1280-DMG (SPx), 2019 WL 994021 (C.D. Cal. Jan. 4, 2019) ... 23

*Weisbuch v. Cty. of Los Angeles*,
  119 F.3d 778, 783 (9th Cir. 1997) ..................................................................... 4

ix

*White v. Paulsen,*
   997 F. Supp. 1380 (E.D. Wash. 1998) ..................................................15, 16, 17, 19

*Woodrum v. Woodward Cty., Okl.,*
   866 F.2d 1121 (9th Cir. 1989) .............................................................................11

*Ybarra v. Reno Thunderbird Mobile Home Vill.,*
   723 F.2d 675 (9th Cir. 1984) .................................................................................6

**<u>Statutes</u>**

18 U.S.C. 1961 ..............................................................................................2, 13

28 U.S.C.A. § 1331 .............................................................................................15

42 U.S.C. § 1983 ..............................................................................2, 5, 11, 12

Cal. Civil Code § 52.1 ...........................................................................3, 2, 21, 22

Cal. Civil Code § 377.60 ......................................................................................20

Gov't Code § 820.2 ....................................................................................3, 21

Gov't Code § 820.8 ...............................................................................3, 21, 22

Gov't Code § 844.6 ..............................................................................................23

Gov't Code § 845.6 ..............................................................................................23

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ..................................................................................1, 3

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 2, 4, 5

Fed. R. Civ. P. 12(h)(3) .........................................................................................3

Fed. R. Civ. P. 23(a) ...........................................................................................24

Federal R. of Evid., Rule 201 ...............................................................................4

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs, Drs. B.L. Rosenfeld and J. Glass (collectively hereinafter "Plaintiffs") filed the instant action against the City of Burbank's Mayor, City Council Members, City Manager, and Chief of Police following the death of their son, Scott Rosenfeld ("Rosenfeld" or "Decedent") while in the custody of the Burbank Police Department ("BPD"). Specifically, Plaintiffs allege unnamed BPD officers demonstrated deliberate indifference to Rosenfeld's medical needs while in-custody despite him showing signs of "emotional and physical distress." (Comp. ¶ 9.) The Complaint is silent, however, as to any facts which indicate the nature, cause, or extent of Rosenfeld's condition, any sign of distress exhibited or how officers could have recognized it, and there are no facts to support the plausibility that officers' indifference to Rosenfeld's distress or his medical needs caused his death.

Plaintiffs assert a variety of claims including violations of state and federal civil rights, RICO, negligence/wrongful death, and violations of international law. Pursuant to Fed. R. Civ. Proc. 12(b)(6), defendants seek dismissal of all claims as the Complaint fails to state sufficient facts to support any claim for relief. The Complaint fails to allege facts (as opposed to conclusions of law) to demonstrate deliberate indifference to Rosenfeld's medical needs to support any of the civil rights claims or negligence claim and Plaintiffs lack standing to bring the RICO claim. Further, pursuant to Fed. R. Civ. Proc. 12(b)(1), this Court lacks subject matter jurisdiction to hear Plaintiffs' international law claims as there is no private right of action. Lastly, there is no adequately named class to support a class cause of action. The Complaint, which fails to name the City of Burbank, should be dismissed.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

## II.    PLAINTIFFS' CLAIMS

Plaintiffs' Complaint for Damages asserts the following nine claims against Defendants: Count One – "42 U.S.C. § 1983"; Count Two – "Conspiracy Under § 1983"; Count Three – "Under Sec. 1983";  Count Four – "Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq*."; Count Five – "Negligence and Survival"; Count Six – "Cal. Civil Code § 52.1, The Tom Bane Act"; Count Seven – "Violation of *Jus Cogens* International Law"; Count Eight – "Violation of *Jus Dispositivum* International Law"; and Count Nine – Class Action Allegations.

The claims are brought as survival claims and by Plaintiffs in their own right, against all Defendants, including Burbank Mayor, Jess Talamantes, City Council members Konstantine Anthony, Robert Frutos, Nicholas Schultz, and Sharon Springer, City Manager Justin Hess, Assistant City Manager Judie Wilke, and Burbank Police Chief Michael Albanese (collectively hereinafter "Defendants"); the Defendants are sued in both their individual and official capacities as to each claim except the *Monell* claims which are alleged as to Defendants only in their official capacities and the RICO claims only in individual capacities. (Comp. ¶ 4.)

## III.    FACTUAL ALLEGATIONS

Plaintiffs, Drs. B.L. Rosenfeld and J. Glass (collectively "Plaintiffs") allege that on or about January 2, 2022, Burbank police took their son, Scott Rosenfeld, into custody, who at the time was "exhibiting signs of both emotional and physical distress." (Comp. ¶ 9.) Unnamed Officers were "deliberately indifferent" to Rosenfeld's "serious medical needs," and placed him in a jail cell where he died. (*Id.*) That is the entirety of Plaintiffs' factual allegations as to Rosenfeld and his interactions with BPD; no named Defendant is alleged to have directly participated in the detention.

Yet, despite the lack of direct contact with the decedent, the Complaint confers liability on the "non-Burbank police defendants" for all police conduct

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

1  "because they caused it, ratified it, condoned it, approved of it, both before and after
2  Scott Rosenfeld's death, or otherwise made it possible by their actions and/or
3  inactions, and caused and/or create[d] Burbank police policies, practices,
4  procedures, and/or customs that cause[d] the [unnamed] Burbank police officers'
5  unconstitutional conduct." (Comp. ¶ 10.) Additionally, the Complaint includes
6  vague class allegations on behalf of persons harmed by the events that involved S.
7  Rosenfeld and the families and heirs of "persons who have been subject to Burbank
8  police brutality and deliberate indifference" and "harmed by the unconstitutional
9  conduct of Burbank police." (Comp. ¶¶ 3, 221.)

10 **IV.   LEGAL STANDARD ON MOTION TO DISMISS**

11     **a.  Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

12       Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life*
13 *Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Fed. R. Civ. Proc.
14 allows parties to move to dismiss a complaint for lack of subject matter jurisdiction.
15 When a defendant makes a Rule 12(b)(1) motion, the burden of establishing subject
16 matter jurisdiction rests upon the party asserting jurisdiction. *Id.*

17       "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction
18 is power to declare the law, and when it ceases to exist, the only function remaining
19 to the court is that of announcing the fact and dismissing the cause." *Ex parte*
20 *McCardle*, 74 U.S. 506, 514 (1868). Thus, the Court must address any questions
21 regarding its jurisdiction before reaching the merits of the Motion. *Steel Co. v.*
22 *Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). "If the court determines at any
23 time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.
24 R. Civ. P. 12(h)(3). This Court lacks subject matter jurisdiction over Plaintiffs'
25 international law claims and they should be dismissed.
26 ///
27 ///
28

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

### b.  Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss a claim where a complaint fails to state facts sufficient to support a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the *Twombly* court expressly outlined that Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* In other words, the Plaintiffs' Complaint must contain facts that "nudge [][the] claims . . . across the line from conceivable to plausible." *Id.* at 680. Plaintiffs do not satisfy this burden as to any claim.

### i.  Plaintiffs Lack Standing to Bring RICO Claim.

Standing involves two distinct inquiries. First, an Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III. To satisfy Article III, a plaintiff "must show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

4

traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000). Second, if a plaintiff has suffered sufficient injury to satisfy Article III, a federal court must ask whether a statute has conferred "standing" on that plaintiff. *Cetacean Community v. Bush,* 386 F.3d 1169, 1175 (9th Cir. 2004). Non-constitutional standing exists when "a particular plaintiff has been granted a right to sue by the specific statute under which he or she brings suit." *Id.* If a plaintiff has suffered sufficient injury to satisfy the jurisdictional requirement of Article III but Congress has not granted statutory standing, that plaintiff cannot state a claim upon which relief can be granted. *See*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97, 118 S. Ct. 1003 (1998) [statutory standing is not a jurisdictional question of whether there is case or controversy under Article III]; *Guerrero v. Gates,* 357 F.3d 911, 920–21 (9th Cir. 2003) [where plaintiffs lacked standing under RICO, affirming district court's dismissal under Federal Rule of Civil Procedure 12(b)(6)]. As outlined below, Plaintiffs lack standing as to the RICO claim and it should be dismissed under Rule 12(b)(6). *Guerrero,* 357 F.3d at 920–21.

## V.   THE INDIVIDUAL CAPACITY SECTION 1983 CLAIMS FAIL.

To state a 42 U.S.C. § 1983 claim, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the Plaintiffs' federal rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no vicarious liability in Section 1983 lawsuits. *Ashcroft*, 556 U.S. at 678. Individual capacity liability under section 1983 arises only upon a showing of personal participation in the deprivation of a federal right by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). The causation inquiry must focus on the duties and responsibilities of each of the individual officials whose acts or omissions are alleged to have resulted in a constitutional deprivation. *Johnson v. Duffy,* 588 F.2d

740, 743 (9th Cir. 1978). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680–81 (9th Cir. 1984). Here, Plaintiffs allege Defendants' deliberate indifference to Rosenfeld's medical needs and interference with familial association under the Fourteenth Amendment.[1] However, both claims fail and are rightly dismissed.

## a. Decedent's Fourteenth Amendment Claim Fails.

A § 1983 action premised on a denial of medical care by a pretrial detainee arises out of violation of the Fourteenth Amendment's Due Process Clause. *Castro v. County of Los Angeles,* 833 F.3d1060, 1067-68 (9th Cir. 2016) (en banc). "In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff "must first show a 'serious medical need' by demonstrating that 'failure to treat [plaintiff's] condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019). Upon

---

[1] Despite the Complaint's references to violations of the Fourth and Eighth Amendments, the Complaint does not include facts to support such claims. The Complaint notes that Rosenfeld was taken into custody, but there is no constitutional challenge made to either the basis or sequence of events related to his arrest or detention, and there are no allegations of a show of police authority and/or use of force to invoke the Fourth Amendment. The Ninth Circuit has repeatedly refused to analyze arrestee claims of deliberate indifference to medical care under the Fourth Amendment. See, *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Further, the Complaint includes no reference to a criminal conviction (only detention). Therefore, Rosenfeld's claims do not arise under the Eighth Amendment. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ["Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."]. As such, only Fourteenth Amendment claims will be addressed herein.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

demonstration of a serious medical need, the plaintiff must then show that the defendant's response was deliberately indifferent. *Id.* at 786. The deliberate indifference standard is an objective one. *Gordon*, 888 F.3d at 1124–25.

The Ninth Circuit outlined the components of the objective deliberate indifference claim as:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision related to medical treatment]; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendants caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Castro*, at 1071. The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473 (2015); *Neuroth v. Mendocino Cty.*, No. 15-CV-03226-RS, 2018 WL 4181957, at *10 (N.D. Cal. Aug. 31, 2018) ["Deliberate indifference claims, however, cannot be evaluated on the basis of 20/20 hindsight."].

Here, the Complaint fails to demonstrate that the decedent had a serious medical need, instead alleging without support that he exhibited "signs of both emotional and physical distress." (Comp. ¶ 9.) However, no facts support this conclusion. The Complaint is silent as to the nature or gravity of any alleged

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

"distress" exhibited by decedent prior to his death. There are no facts alleged regarding his preceding interaction with Burbank officers or the cause of his arrest to shed light on his condition; further, there are no facts alleged regarding how his distress and need for medical care may have manifested itself outwardly at the time of his arrest or detention (e.g. appearance, vital signs, statements, or erratic behavior). It is common that arrestees particularly if intoxicated or under the influence of drugs show some signs of emotional and physical distress. Plaintiffs fail to plead facts to suggest the decedent's condition put him at substantial risk of suffering serious harm so as to support a deliberate indifference claim.

Should the threadbare allegations suffice to state a serious medical need, which they have not, Plaintiffs' individual capacity claims against Defendants Talamantes, Anthony, Frutos, Schultz, Springer, Hess, Wilke, and Police Chief Albanese fail because they do not identify the acts or omissions of each individual defendant amounting to a conscious or purposeful disregard of decedent's medical needs. There are no allegations that any named Defendant played a part in the detention (either directly or as supervisors) or were aware of his detention prior to Rosenfeld's death. The Ninth Circuit has confirmed that specifics tying the Defendants to the alleged violation are required. *Starr v. Baca*, 652 F.3d 1202, 1209–12 (9th Cir. 2011); *Maldonado v. Cty. of Orange*, No. 819CV00883JLSJDE, 2019 WL 6139937, at *2 (C.D. Cal. Aug. 29, 2019). Plaintiffs provide no such detail as to this theory of liability.

The Complaint alleges that the "City Council and mayoral defendants are liable [to Plaintiffs] because they have a custom of improperly indemnifying, and of conspiring to indemnify, Burbank police officers for punitive damages." (Comp. ¶13.) This however, is the extent of the allegations specific to the named elected officials. There are no facts outlining when, how, or how often such decisions are made by the Council, or if the named Council members and Mayor were even

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

involved in such decisions. Individual liability requires personal involvement. Without more, this theory also fails.

The alleged violations stated in generalized terms fail to tie any individual defendant to any specific action that allegedly violated decedent's constitutional rights. Simply alleging that Defendants were in a position of authority or were responsible for making policy, is not enough to meet the individual specificity requirements for a section 1983 claim. *Ashcroft,* at 678; *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, the individual capacity claims as to Rosenfeld should be dismissed.

### b. Plaintiffs' Individual Fourteenth Amendment Claim Also Fails.

In addition to bringing Section 1983 claims in their capacity as Rosenfeld's successor-in-interest, Plaintiffs bring claims in their own individual capacities as his parents. A plaintiff's "interest in [his] relationship with a parent is sufficiently weighty by itself to constitute a cognizable liberty interest" under the Fourteenth Amendment. *Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991). To state a claim, the Plaintiffs must plead and prove conduct that "shocks the conscience" with a "purpose to harm" which interfered with the familial relationship. *Porter v. Osborn*, 546 F.3d 1131, 1131, 1137 (9th Cir. 2008). Plaintiffs, therefore, must plead and prove that each Defendant "acted with a purpose to harm [Rosenfeld] that was unrelated to legitimate law enforcement objectives." *Id.* Plaintiffs do not and cannot do so. Rather, they merely allege (without challenge to the legal basis of the arrest) that Burbank officers took Rosenfeld into custody. Without additional facts, the arrest is clearly related to a legitimate law enforcement or penological purpose; it is not behavior that could "shock the conscience" with a purpose to harm. *Porter*, 546 F.3d at 1133. Accordingly, Plaintiffs' familial association claims should be dismissed.

Having failed to demonstrate due process violations as to decedent or

9

Plaintiffs, the individual capacity claims under the Fourteenth Amendment should be dismissed.

## VI.    PLAINTIFFS' *MONELL* CLAIMS FAIL AS TO ALL DEFENDANTS.

A municipality may not be held liable under Section 1983 (*Monell*) unless its own actions caused the alleged constitutional deprivation. *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). The Plaintiff must identify a municipal "policy" or "custom" that caused the injury. *Id.* Thus, in an official capacity claim, the governmental entity or its agents act as the "moving force" behind the deprivation, and the entity remains liable for the actions of its agents. *Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S. Ct. 3099 (1985). "The requisite causal connection [for official capacity liability of a policymaker] can be established ... by setting in motion a series of acts by others," *Johnson,* 588 F.2d at 743-44, or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiffs allege the City was deliberately indifferent to Rosenfeld's medical needs because its policies of inaction led to a failure to adequately train BPD staff. To demonstrate a failure to train, Plaintiffs must allege that there was a deficient training program and that policymakers adhered to an approach that they knew or should have known failed to prevent the alleged violation. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 407–08, 117 S. Ct. 1382 (1997). Plaintiffs may also successfully demonstrate a failure-to-train without showing a pattern of violations where "a violation of federal rights may be a highly predictable

10

1    consequence of a failure to equip law enforcement officers with specific tools to
2    handle recurring situations." *Id.* at 409.

3    Here, there are no factual allegations of a pattern of similar constitutional
4    violations related to BPD personnel or policies that would demonstrate deliberate
5    indifference by City officials. *Id.* Policymakers' "continued adherence to an
6    approach that they know or should know has failed to prevent tortious conduct by
7    employees may establish the conscious disregard for the consequences of their
8    action—the 'deliberate indifference'—necessary to trigger municipal liability." *Id.*
9    at 407. However, without notice that a policy is deficient in a particular respect,
10   decisionmakers can hardly be said to have deliberately adhered to a policy or
11   procedure that will cause constitutional violations. *Connick v. Thompson*, 563 U.S.
12   51, 62, 131 S. Ct. 1350 (2011). Here, the allegations are limited to a single incident
13   involving decedent and thus do not show a pattern.

14   The Complaint also fails to allege that the officers' deliberate indifference to
15   medical needs was a highly predictable consequence of failing to equip law
16   enforcement officers with specific tools to handle such situations. There are no
17   allegations that BPD failed to train regarding the need to provide care and/or the
18   requisite constitutional right to care. Nor are there allegations that Defendants were
19   involved in the decision not to provide such training; in fact, there are no facts to
20   support any conclusion that Defendants, acting in their official capacities, were the
21   moving force behind Rosenfeld's death; therefore, the *Monell* claims fail.

22   **VII.   PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE CONSPIRACY.**

23   Under federal law, a conspiracy, even if established, "does not give rise to
24   liability under [United States Code section] 1983 unless there is an actual
25   deprivation of civil rights" resulting from the conspiracy. *Woodrum v. Woodward*
26   *Cty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see, Hernandez v. City of Napa*,
27   781 F. Supp. 2d 975, 997 (N.D. Cal. 2011). Because Plaintiffs cannot show that any

28

actual deprivation of either their own or Rosenfeld's constitutional rights resulted from any alleged conspiracy, the alleged conspiracy is not actionable. *See, Cassettari v. Nevada Cty., Cal.*, 824 F.2d 735, 739 (9th Cir. 1987) [noting that "[t]he insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations"]; *see, Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980) [noting that "[i]n order to state an adequate claim for relief under section 1983, plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of a conspiracy is insufficient to establish a section 1983 claim"]. Here, Count Two should be dismissed because there was no deprivation of rights, precluding a conspiracy claim based upon the allegations of deliberate indifference.

Further, as all Defendants in this matter are employees of the City of Burbank the intra-corporate conspiracy doctrine precludes this claim. Under the intra-corporate conspiracy doctrine, intra-corporate communications and actions may not form the basis of a conspiracy of civil rights. *Hoefer v. Fluor Daniel, Inc.,* 92F.Supp.2d 1055, 1055 (C.D. Cal. 2000). Here, all of the alleged conspirators are Burbank employees. Thus, pursuant to the intra-corporate conspiracy doctrine, the 42 U.S.C. § 1983 conspiracy claim fails. In *Fazaga v. Fed. Bureau of Investigation,* 965 F.3d 1015, 1060 (9th Cir. 2020), the Ninth Circuit considered the doctrine and noted that the United States Supreme Court has not adopted the intra-corporate conspiracy doctrine, and other circuits are split on the issue. *Id.* However, in light of the lack of clarity on the issue from the Ninth Circuit and the U.S. Supreme Court and in light of the circuit split, intra-corporate liability is not clearly established law. *Id.* As a result, the Ninth Circuit held the defendants in its case were qualifiedly immune on the civil rights conspiracy claim. *Id.*

Based upon the foregoing, the civil rights conspiracy claim against Defendants is barred, given that the alleged co-conspirators were Burbank

1  employees. At a minimum, Defendants are entitled to qualified immunity from this

2  claim, based upon *Fazaga*. Thus, this Court should dismiss this claim without leave

3  to amend.

4  **VIII.  THE RICO CLAIM FAILS AS A MATTER OF LAW.**

5       The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

6  U.S.C.A. § 1961-68, provides a civil remedy to "[a]ny person injured in his business

7  or property by reason of a violation of section 1962 of this chapter." *Id.* at § 1964(c).

8  A successful civil RICO action requires proof of four elements: "(1) conduct (2) of

9  an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v.*

10 *Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275 (1985). "It is not enough, however,

11 for a plaintiff simply to allege the [RICO] elements in boilerplate fashion; instead,

12 [they] must allege sufficient facts to support each element." *Goren v. New Vision*

13 *Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998), *holding modified by Brouwer v.*

14 *Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000). Additionally, RICO

15 requires as a threshold for standing an injury to "business or property." *Diaz v.*

16 *Gates*, 420 F.3d 897, 898 (9th Cir. 2005).

17      A "pattern of racketeering activity" consists of at least two related acts of

18 racketeering activity committed by defendants over an extended period of time. *See,*

19 *Schultz v. Rhode Island Hosp. Tr. Nat. Bank, N.A.*, 94 F.3d 721, 731–732 (1st Cir.

20 1996). To demonstrate relatedness, the predicate acts must "have the same or similar

21 purposes, results, participants, victims, or methods of commission, or otherwise are

22 interrelated by distinguishing characteristics, and are not isolated events." *H.J. Inc.*

23 *v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 240, 109 S. Ct. 2893, 2899

24 (1989). Further, each individual RICO defendant "must have been 'aware of the

25 essential nature and scope of the enterprise and intended to participate in it,'" and

26 "must have 'knowingly agree[d] to facilitate a scheme which includes the operation

27 or management of a RICO enterprise.'" *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th

28

13

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

1  Cir. 1993); *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004),
2  *modified,* 425 F.3d 1248 (9th Cir. 2005).

3      Here, Plaintiffs' RICO claims fail for three reasons. First, Plaintiffs have no
4  standing to bring the claim as no reading of the Complaint suggests injury to
5  business or property. Plaintiffs' allegations relate to civil rights violations. (Comp.
6  ¶¶ 3,14.) However, the Ninth Circuit has confirmed that neither civil rights
7  violations nor personal injuries are compensable under RICO. *See*, *Bowen v.*
8  *Oistead*, 125 F.3d 800, 806 (9th Cir. 1997); *Oscar v. Univ. Students Co-op. Ass'n*,
9  965 F.2d 783, 785 (9th Cir. 1992) (en banc); *see, also*, *Doe v. Roe*, 958 F.2d 763
10  (7th Cir. 1992) [holding terms "business or property" under RICO are words of
11  limitation which preclude recovery for personal injuries and pecuniary losses
12  incurred therefrom]; *Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198,
13  1219 (M.D. Fla. 2001) [damages and pecuniary losses related to death not
14  recognizable under RICO's private civil action provision]; *Fleischhauer v. Feltner*,
15  879 F.2d 1290 (6th Cir. 1989) [mental suffering not recoverable under RICO]. As
16  Plaintiffs' claims are not compensable, the Court's analysis should end here and the
17  RICO claim should be dismissed.

18      Second, even assuming Plaintiffs could allege damage to business or
19  property, there are insufficient facts to demonstrate that each individual RICO
20  defendant was "'aware of the essential nature and scope of the enterprise and
21  intended to participate in it,'" and "knowingly agree[d] to facilitate a scheme which
22  includes the operation or management of a RICO enterprise." *Baumer*, 8 F.3d at
23  1346; *Fernandez*, 388 F.3d at 1230. Here, the Complaint describes an isolated event
24  related to the detention of S. Rosenfeld. There are no facts alleged that connect the
25  individual Defendants to the alleged deliberate indifference to medical care in the
26  first instance; in fact, is it is not clear what each individual did, when they did it, or

27

28

1   how they functioned together as a continuing unit. Such bare assertions do not

2   establish an enterprise.

3       Lastly, the Complaint fails to demonstrate the required pattern of

4   racketeering. Plaintiffs' claims relate to one isolated interaction between Rosenfeld

5   and Burbank police officers. There are no facts alleged to suggest that either

6   Plaintiffs or their son interacted with BPD on more than one occasion or that they

7   or any other person were repeatedly denied medical care while in BPD custody.

8   RICO claims may not be based upon mere speculation. *See, DeMauro v. DeMauro*,

9   115 F.3d 94, 96 (1st Cir. 1997). Plaintiffs' RICO claim should be dismissed.

10  ## IX.   THERE IS NO SUBJECT MATTER JURISDICTION AS TO

11  ## PLAINTIFFS' INTERNATIONAL LAW CLAIMS.

12      A federal court may not consider claims as to which it does not have valid

13  subject matter jurisdiction. For a lower federal court, this requires that there be both

14  a federal constitutional and statutory basis for jurisdiction. *Ins. Corp. of Ireland v.*

15  *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02, 102 S. Ct. 2099 (1982);

16  *Richardson v. United States*, 943 F.2d 1107, 1112–13 (9th Cir. 1991). Plaintiffs

17  allege that jurisdiction exists for all claims under 28 U.S.C.A. § 1331, which

18  provides a statutory basis for federal jurisdiction over claims "arising under the

19  Constitution, laws or treaties of the United States." *White v. Paulsen,* 997 F. Supp.

20  1380, 1382 (E.D. Wash. 1998). However, "the Judicial Code, in vesting jurisdiction

21  in the District Courts, does not create causes of action, but only confers jurisdiction

22  to adjudicate those arising from other sources which satisfy its limiting provisions."

23  *Montana-Dakota Utilities Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249, 71 S. Ct.

24  692 (1951). Thus, for jurisdiction to exist under § 1331 over Plaintiffs' international

25  law claims, a source of federal law other than § 1331 must give rise to a private

26  right of action for the violations of international law they allege. No such

27

28

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

authorizing statute exists and the court should refuse to hear these claims for lack of jurisdiction.

### a. *Jus Cogens* Claims Fail.

Plaintiffs claim that Defendants violated *jus cogens* norms of international law. *Jus cogens* norms comprise the body of laws that are considered so fundamental that there are binding on all nations whether the nations have consented to them or not. *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 714 (9th Cir. 1992). There norms are derived from values taken to be fundamental in the international community. *Id.* Only egregious acts of human rights violations rise to the level of *jus cogens* including torture, war crimes, aircraft hijacking, murder, genocide, and slavery. *United States v. Matta-Ballesteros*, 71 F.3d 754 (9th Cir. 1995).

Although it is clear that *jus cogens* norms of international law are part of the law of the United States, *The Paquete Habana*, 175 U.S. 677, 700, 20 S. Ct. 290, 44 L. Ed. 320 (1900), the law of nations itself does not, however, create such a private right of action because "[i]nternational law does not require any particular reaction to violations of law. . . Whether and how the United States wishes to react to such violations are domestic questions." *In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, 25 F.3d 1467, 1474–75 (9th Cir. 1994) ("*Marcos II*"); *White,* 997 F. Supp. at 1382; *Handel v. Artukovic*, 601 F. Supp. 1421, 1428 (C.D. Cal. 1985) [stating, "To imply a cause of action from the law of nations would completely defeat the critical right of the sovereign to determine whether and how international rights should be enforced in that municipality."].

Additionally, review of cases outlining and applying *jus cogens* norms repeatedly confirm that a cognizable right of action under these norms involves either acts committed on a foreign citizen or acts committed by a foreign government or government official. Although federal courts are given discretion to

16

imply a private right of action for violations of *jus cogen* norms, this case does not warrant such action as Plaintiffs have adequate alternative remedies at law. See *White,* 997 F. Supp. at 1383-1384 [rejecting *jus cogens* action between American citizen and United States government official]. The claim should be dismissed.

### b. Violations of *Jus Dispositivum* Claim Fails.

*Jus dispositivum* is based on agreements and customary international law and is founded on the self-interest of the participating states, and is binding only on the countries that agreed to be governed by it. *Siderman de Blake*, 965 F.2d at 715. However, there is nothing to suggest that the international treaties to which the United States may be a party grant district courts subject matter jurisdiction in cases where it would not normally exist under the Eleventh Amendment.

Plaintiffs claim that the actions herein violate eight "treaties" to which the United States is a signatory. (Comp. ¶ 204.) Where Congress has not enacted authorizing legislation, a treaty gives rise to a private right of action only if it is "self-executing"; i.e., if it either expressly or impliedly creates a private right of action to enforce rights described in the treaty. *In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*, 978 F.2d 493, 502–03 (9th Cir. 1992) ("*Marcos I*").

The Ninth Circuit has developed a four-part test to determine when a treaty is self-executing. See *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1283 (9th Cir. 1985). The four factors a court must consider are:

> (1) "the purposes of the treaty and the objectives of its creators," (2) "the existence of domestic procedures and institutions appropriate for direct implementation," (3) "the availability and feasibility of alternative enforcement methods," and (4) "the immediate and long-range social consequences of self- or non-self-execution."

*Id.* quoting *People of Saipan, By & Through Guerrero v. U.S. Dep't of Interior*, 502 F.2d 90, 97 (9th Cir. 1974). However, in applying this test, the Ninth Circuit has found "that it is the first factor that is critical to determine *whether* an executive

17

1   agreement [or treaty] is self-executing, while the other factors are most relevant to

2   determine *the extent* to which the agreement is self-executing." *Id.* (emphasis in

3   original). Therefore, the Court must examine each treaty that plaintiff cites to see if

4   it is self-executing under the *Iran* and *Saipan* tests.

5         Three of the "treaties" which the plaintiffs cite, the Universal Declaration of

6   Human Rights and the Declaration on the Protection of All Persons from Being

7   Subjected to Torture, and the Body of Principles for the Protection of all Persons

8   under Any Form of Detention or Imprisonment are not treaties at all. See *Siderman*

9   *de Blake*, 965 F.2d at 719; *Filartiga v. Pena-Irala*, 630 F.2d 876, 882 (2d Cir. 1980);

10   *Kane v. Winn*, 319 F. Supp. 2d 162, 198 (D. Mass. 2004). Instead, they are non-

11   binding resolutions of the United Nations General Assembly. *See, Siderman de*

12   *Blake*, 965 F.2d 699. As such, they are only intended to "represent[] evidence of

13   customary international law." *Id.* They are not intended to be legally binding or

14   create self-executing rights like other international treaties. *Id.* The plaintiff cannot

15   state a claim under these resolutions.

16         Although the American Convention on Human Rights and the European

17   Convention for the Protection of Human Rights and Fundamental Freedoms are

18   treaties to which the United States is a signatory, the United States has not yet

19   ratified these treaties. See *Thompson v. Oklahoma*, 487 U.S. 815, 831, 108 S. Ct.

20   2687 n. 34 (1988); *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 809 (D.C. Cir.

21   1984) (Bork, J., concurring). Therefore, these treaties are not binding on the United

22   States. *Id.* Consequently, the plaintiff cannot state a claim under this treaty.

23         The United States, has signed and ratified the International Covenant on Civil

24   and Political Rights and the Convention Against Torture and Other Cruel, Inhuman

25   or Degrading Treatment or Punishment. However, several courts have looked at

26   these treaties and have concluded that they are not self-executing. See *Auguste v.*

27   *Ridge*, 395 F.3d 123 (3d Cir. 2005); *Igartua De La Rosa v. United States*, 32 F.3d

28

18

8, 10 n. 1 (1st Cir. 1994); *White,* 997 F. Supp. at 1385–87. When the Senate ratified these treaties, it did so "with the express proviso that they were not self-executing." *In the Matter of Extradition of Cheung*, 968 F. Supp. 791, 803 n. 17 (D. Conn. 1997). Additionally, Congress has not enacted implementing legislation. *Id.* Therefore, these treaties do not create a private right of action under which the plaintiff can state a claim.

Plaintiff cannot maintain a private cause of action under the treaties mentioned in their complaint. *Hawkins v. Comparet-Cassani*, 33 F. Supp. 2d 1244 (C.D. Cal. 1999). Therefore, this claim should be dismissed.

## X.   PLAINTIFFS' NEGLIGENCE/SURVIVAL CLAIMS FAIL.

Plaintiffs' claim for negligence also fails as the Complaint lacks facts demonstrating that relief is plausible on the negligence or wrongful death claim. Under California law, a public entity "generally cannot be sued for failing to provide medical care to a prisoner," unless "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 606 (9th Cir. 2019). Here, Plaintiffs' claim fails because they allege no facts, only conclusions, indicating that any Defendants or BPD employees knew or had reason to know that Rosenfeld needed immediate medical care. Plaintiffs never allege any facts indicating either that Rosenfeld had a medical condition requiring immediate medical care or that he was exhibiting symptoms of a medical condition that would have alerted BPD employees to his need for medical care. Plaintiffs make only conclusory allegations that Rosenfeld "exhibit[ed] signs of both emotional and physical distress" and "he died while in their custody" (Comp. ¶ 9.) Vague statements alleging that Defendants knew about Rosenfeld's unspecified distress/medical condition are insufficient to state a plausible claim for relief.

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

1    Further, Plaintiffs' wrongful death claims also fails due to a factual pleading
2    insufficiency. Under California Code of Civil Procedure § 377.60, a cause of action
3    for the death of a person caused by the wrongful act or neglect of another may be
4    asserted by the decedent's heirs." *Justus v. Atchison*, 19 Cal. 3d 564, 575, 565 P.2d
5    122 (1977). Plaintiffs' Seventh Cause of Action alleges that Defendants were
6    negligent under a wrongful death theory. As outlined above, Plaintiffs fail to define
7    the statutory duty which they allege Defendants violated, or how the Defendants
8    violated that duty. Plaintiffs' overly broad conclusions fail to give Defendants "fair
9    notice" of the claim and "grounds upon which is rests" as is required by *Twombly,*
10   *supra.* Therefore, the claim should be dismissed.

11   ## XI.    THE BANE ACT CLAIM FAILS AS THERE ARE INSUFFICIENT
12   ## ALLEGATIONS OF THREATS, INTIMIDATION, OR COERCION

13   "The essence of [California's] Bane Act claim is that the defendant, by the
14   specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did
15   prevent the plaintiff from doing something he or she had the right to do under the
16   law or to force the plaintiff to do something that he or she was not required to do
17   under the law. [Citation.]" *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App.
18   4th 860, 883 (2007). To establish liability under the Bane Act a plaintiff must prove
19   the defendant acted with specific intent to violate the plaintiff's civil rights. *B.B. v.*
20   *Cnty. of Los Angeles*, 25 Cal.App.5th 115, 133 (2018).

21   Plaintiffs bringing Bane Act claims for deliberate indifference to a pre-trial
22   detainee's serious medical needs must allege that prison officials "knowingly
23   deprived [the inmate] of a constitutional right or protection through acts that are
24   inherently coercive and threatening." *Lapachet v. California Forensic Med. Grp.,*
25   *Inc.*, 313 F. Supp. 3d 1183, 1195 (E.D. Cal. 2018) [providing examples of unlawful
26   acts]; *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013). Plaintiffs
27   fail to do so. As outlined above, Plaintiffs fail to allege facts for a plausible
28

1  deliberate indifference claim and there are no allegations of reckless disregard;

2  without an underlying constitutional or statutory violation there can be no Bane Act

3  violation. *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1084 (E.D. Cal. 2018).

4       Although not specifically articulated, the Complaint also appears to bring the

5  Bane Act claim under a wrongful death theory. However, Bane Act claims are not

6  cognizable as wrongful-death actions as the alleged injury must done to the

7  claimant; they may only be brought as individual survival claims. *Id.* Plaintiffs'

8  wrongful death claim should, therefore, be dismissed with prejudice.

9  **XII.    STATUTORY IMMUNITIES BAR STATE LAW CLAIMS.**

10       Statutory immunities bar Plaintiffs' state-law causes of action against the

11  Defendants for negligence/wrongful death and violations of the Bane Act (Cal. Civ.

12  Code § 52.1). Under California law "[i]t is generally recognized that a statutory

13  governmental immunity overrides a statute imposing liability." *Gates v. Superior*

14  *Ct.*, 32 Cal. App. 4th 481, 510 (1995). And the Legislature did not intend that the

15  Bane Act would override a statutory immunity that would otherwise apply. *O'Toole*

16  *v. Superior Ct.*, 140 Cal. App. 4th 488, 505 (2006); *Towery v. State of California,*

17  Cal. App. 5th 226, 233-34 (2017). Thus, the specific statutory immunities discussed

18  bar Plaintiffs' state-law causes of action.

19       **a.  Discretionary Act Immunity (Gov't Code § 820.2) and Immunity for**

20           **Liability for Actions of Others (Gov't Code § 820.8)**

21       Cal. Gov't Code § 820.2 provides that "a public employee is not liable for an

22  injury resulting from his act or omission where the act or omission was the result of

23  the exercise of discretion vested in him, whether or not such discretion was abused."

24  Cal. Gov't Code § 820.2. Discretionary acts are those that "require the exercise of

25  judgment and choice." *Burgdorf v. Funder*, 246 Cal. App. 2d 443, 449 (Ct. App.

26  1966); *Krolikowski v. San Diego City Employees' Ret. Sys.*, 24 Cal. App. 5th 537,

27  550–51 (2018) ["[T]here is no requirement that the public employee's exercise of

28

discretion be based on 'a strictly careful, thorough, formal, or correct evaluation' because '[s]uch a standard would swallow an immunity designed to protect against claims of carelessness, malice, bad judgment, or abuse of discretion in the formulation of policy.'"]

This immunity applies to basic policy decisions or activities at the "planning" level, rather than those the "operational" level. *Caldwell v. Montoya*, 10 Cal. 4th 972, 982, 897 P.2d 1320 (1995). "Operational" decisions are routinely defined as lower-level or ministerial decisions that merely implement basic policy already formulated. *Id.* at 981. Policy judgments, such as the creation of police or jail policy associated with detention-related medical screenings/treatment, are planning level discretionary actions and not operational. Therefore, judicial abstention with respect to the individual Defendants is appropriate. Where such important policy is as stake, it would be unwise and unseemly to hold individual City employees accountable for determinations of police policy. Such decisions are entitled to discretionary act immunity.

In addition, because Plaintiffs have failed to specify the alleged harmful acts for which each individual Defendant is liable, Cal. Gov't Code § 820.8 applies to immunize them from liability for the actions of others. Under Cal. Gov't Code § 820.8, public officials are immune from any liability for the wrongful acts or omissions of employees serving under them. *Martinez v. Cahill*, 215 Cal. App. 2d 823, 824 (Ct. App. 1963) "Rather, the liability of each must be found in his personal fault." *Id.* Here, no allegations support that any of the Defendants did anything affirmatively with regard to the state law claims and they are entitled to immunity. *See*, *Ramirez v. County of Los Angeles,* No. CV 11-5370 AHM MANX, 2012 WL 2574826, at *5 (C.D. Cal. July 3, 2012) [holding inaction did not amount to the "threats, intimidation, or coercion" required by section 52.1 and a supervisor was protected from immunity under section 820.8].

NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR DAMAGES

**b.  Immunity from Injury to Prisoners (Gov't Code § 844.6)**

Cal. Gov't Code § 844.6 provides immunity to public employees for injuries to a prisoner, including the Bane Act. *See, e.g., Cabral v. Cty. of Glenn,* 624 F. Supp. 2d 1184, 1193 (E.D. Cal. 2009) (dismissing Bane Act claim against municipality*); Quinones v. Cty. of Orange,* No. SACV 20-666 JVS (KESx), 2020 WL 5289923, at *4 (C.D. Cal. July 15, 2020) (similar); *Warren v. Cty. of Riverside,* No. ED CV 18-1280-DMG (SPx), 2019 WL 994021, at *5 (C.D. Cal. Jan. 4, 2019) (similar). Courts have routinely included arrestees and pre-trial detainees within the definition of "prisoners" under this statute. *Reed v. Cty. of Santa Cruz*, 37 Cal. App. 4th 1274 (1995) [arrestee is "prisoner" as a matter of law for purposes of government immunity statutes]. Given Rosenfeld's pre-trial detainee status, Defendants are immunized under Cal. Gov't Code § 844.6 as to Plaintiffs' State law claims. *Towery,* 14 Cal.App.5th at p. 232, fn. 5 (2017) [noting body of plaintiff's Complaint fails to set forth allegations to establish viable exception to section 844.6]; *Nelson v. State of California*, 139 Cal.App.3d 72,78 (1982); *Lucero v. Cty. of Orange*, 2021 WL 1034861, at *3 (C.D. Cal. 2021) [defendant's motion to dismiss should be granted as defendant is immune under section 844.6, and  plaintiff's complaint fails to plead facts supporting exception].

Given that Plaintiffs' Complaint does not set forth any allegations to establish any exception to section 844.6, the motion to dismiss must be granted.

**c.  Immunity from Failure to Provide Medical Care (Gov't Code § 845.6)**

Cal. Gov't Code § 845.6 provides in pertinent part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, ... a public employee … is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Cal. Gov't Code § 845.6. California courts have construed the

> provision to create limited liability only "when: (1) the public
> employee knows or has reason to know [of the] need, (2) of
> immediate medical care, and (3) fails to take reasonable action to
> summon such medical care."

*Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013). Here, the Complaint fails to allege facts that the individual Defendants knew or had reason to know that S. Rosenfeld needed immediate medical care. Admittedly, none of the Defendants were present at the time of the incident.

## XIII. THE CLASS CLAIMS FAIL.

In order to maintain a federal class action, a party must first meet the following prerequisites, listed in Rule 23(a):

> One or more members of a class may sue or be sued as representative parties
> on behalf of all only if (1) the class is so numerous that joinder of all members
> is impracticable, (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the
> claims or defenses of the class, and (4) the representative parties will fairly
> and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Here, Plaintiffs' class allegations fail to allege the required prerequisites. First, there is not commonality or typicality between the alleged class members. The class is defined as:

> "(1) [those] who have been harmed by the actions as set forth
> hereinabove and of (2) the class of persons who are the families or and
> heirs or successors in interest of class, of whose members have been
> harmed by unconstitutional conduct by Burbank police and their
> superiors and government actors and policymakers."

(Comp. ¶ 221.) The proposed class is unlimited as to time. As drafted, it could include the family of any person who experienced any variety of "harm" related to *any* constitutional violation for an indefinite past period of time. Due to the overbroad and undefined nature of the proposed class, there is no commonality. Further, the claims of each class member would not be typical to one another as the standing and elements required as to each claim or constitutional violation would

24

not be substantially the same as others. The generalized harm does not suggest any commonality. The purpose of the typicality requirement is to ensure that the interest of the named representative aligns with the interests of the class. *See, Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). There is no assurance or even any indication that Plaintiffs' claims are typical to the class.

Given the nature of Plaintiffs' harm and the poorly defined proposed class, no amount of amendment would rectify these fatal flaws. Therefore, the class claims should be dismissed.

## XIV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant the instant Motion to Dismiss, without affording Plaintiffs leave to amend.

DATED:  March 22, 2022

Respectfully submitted,
City Attorney's Office of the City of
Burbank

By: _____
Ashlee P. Clark
Senior Assistant City Attorney
Attorney for Defendants BURBANK
MAYOR JESS TALAMANTES,
BURBANK CITY COUNCIL
MEMBERS KONSTANTINE
ANTHONY, ROBERT FRUTOS,
NICHOLAS SCHULTZ, SHARON
SPRINGER, BURBANK CITY
MANAGER JUSTIN HESS,
BUBRANK ASST. CITY
MANAGER JUDIE WILKE,
BURBANK POLICE CHIEF
MICHAEL ALBANESE

1    **<u>CERTIFICATE OF SERVICE</u>**

2              I hereby certify that on this 22nd day of March, 2022, our office

3    electronically transmitted the foregoing document to the Clerk's office using

4    the Court's CM/ECF System and thereby served all counsel of record in this

5    matter.

6                                                   By:   _/s/ Ashlee P. Clark_____

7                                                         Ashlee P. Clark

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES