1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net
2  YAGMAN + REICHMANN, LLP
   333 Washington Boulevard
3  Venice Beach, California 90292-5152
   (310)452-3200
4
5  Propounded by Plaintiffs
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                  WESTERN DIVISION

| DR. DR. B.L. ROSENFELD, *et al., etc.,* | 2:22-00497-DSF-Ex |
|---|---|
| Plaintiffs, | |
| v. | **JOINT RULE 26(f) REPORT** |
| BURBANK MAYOR JESS TALAMANTES, *et al.,* | |
| Defendants. | Judge Dale Susan Fischer |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

a. Statement of the case: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

PLAINTIFF'S CONTENTIONS:

Plaintiffs' son, Scott Rosenfeld, a 48-year-old Black man, suffered a warrantless arrest by Burbank police on Jan. 2-3, 2022, was taken to the police department, exhibiting signs of both emotional and physical distress, that warranted medical attention, which was not provided, he was placed in a single-person cell, and shortly thereafter was found dead in that cell. The claims are made pursuant 42 U.S.C. § 1983 and 42 U.S.C. § 1985. More specifically,

On or about Jan. 2, 2022, Burbank police took into their custody Scott Rosenfeld, a Black man, who was exhibiting signs of both emotional and physical distress, such that a reasonable police officer, some defendants herein, would have known that she or he had a constitutional duty under both the Eighth Amendment, by way of the Fourteenth Amendment, not to be deliberately indifferent to Scott Rosenfeld's serious medical needs, they were deliberately indifferent to his serious medical needs, they placed him in jail cells, and he died while in their custody as a direct and proximate result of their deliberate indifference and unconstitutional policies and customs of the Burbank police department, which ignore the requirement not to be deliberately indifferent to the serious medical needs of those in their custody.

The non-Burbank police defendants each and all are legally liable for all of this conduct because they caused it, ratified it, condoned it, approved of it, both before and after the fact of Scott Rosenfeld's death, or otherwise made it possible, by their actions and/or inactions, and caused and/or create Burbank police policies, practices, procedures, and/or customs that caused the Burbank police officers' unconstitutional conduct.

1      There are claims under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 657 (1978),

2  against the non-police officer defendants.

**DEFENDANTS' CONTENTIONS:**

City of Burbank Defendants ("City Defendants") filed their Motion to Dismiss on March 22, 2022 [Dkt. No. 13]. City Defendants generally and specifically deny the merits of each and every one of Plaintiffs' allegations, for reasons set forth in their Motion to Dismiss Plaintiffs' Complaint for Damages. Defendants contend that all of Plaintiffs' claims should be dismissed for failure to state a claim upon which relief may be granted. Moreover, Defendants deny that this matter is suitable for proceeding as a representative or class action and allege that Plaintiffs cannot demonstrate the requisite elements for class certification.

04

b. Subject matter jurisdiction: a statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

PLAINTIFF'S CONTENTIONS:

Federal claims, under federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, § 1332, as plaintiffs are citizens of Texas and Maryland, respectively, and defendants are citizens of California, and supplemental jurisdiction lies for negligence, survival, and Tom Bane Act claims under § 1367. (Plaintiffs will not pursue RICO claims or class action allegations.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' CONTENTIONS:**

As outlined in their Motion to Dismiss, City Defendants dispute that this Court has jurisdiction to hear or consider Plaintiffs' international law claims as there are no authorizing statutes as is required under 28 U.S.C. § 1331, and therefore, no private right of action exists. *White v. Paulsen,* 997 F. Supp. 1380, 1382 (E.D. Wash. 1998).

1    c. Legal issues: a brief description of the key legal issues, including any unusual

2    substantive, procedural, or evidentiary issues.

3    PLAINTIFF'S CONTENTIONS:

4    §§ 1983, 1985.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

07

d. Parties, evidence, *etc.*: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

PLAINTIFF'S CONTENTIONS:

Plaintiffs and named and unknown named defendants.

1  e. Damages: the realistic range of provable damages.

2  PLAINTIFF'S CONTENTIONS:

3  Damages are subjective and are whatever a jury will determine were the emotional

4  losses suffered by decedent and plaintiffs and the worth of decedent's life.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' CONTENTIONS:**

City Defendants deny Plaintiffs' allegations and deny any and all of them are liable to Plaintiffs in any way. The Mayor, City Council Members, City Manager, Assistant City Manager, and Police Chief contend they had no role in Mr. S. Rosenfeld's death or related matters as alleged in Plaintiffs' Complaint. City Defendants contend that Qualified Immunity and California Government Code Immunities apply to Plaintiffs' claims.

*Affirmative Defenses*

(1)  Whether Defendants, in their individual capacity, acted to deprive S. Rosenfeld of his Constitutional Rights;

(2)  Whether Defendants, in their individual capacity, acted to deprive Plaintiffs of their Constitutional Rights;

(3)  Whether Defendants, acting in their official capacity, acted to deprive S. Rosenfeld of his Constitutional Rights sufficient to demonstrate *Monell* liability;

(4)  Whether Defendants, acting in their official capacity, acted to deprive Plaintiffs of their Constitutional Rights sufficient to demonstrate *Monell* liability;

(5)  Whether Defendants are entitled to qualified immunity;

(6)  Whether Plaintiffs' state law claims are barred by their failure to comply with the Government Tort Claims Presentation requirements;

(7)  Whether Defendants are entitled to immunity as to the state law claims based upon the California Government Code;

(8)  Whether Plaintiffs have standing to bring RICO claim[1];

(9)  Whether this Court has subject matter jurisdiction to hear Plaintiffs' *Jus Cogens* and *Jus Dispositivum* international law claims;

---

[1] Plaintiffs' RICO claim has not been dismissed to date.

1   (10)   Whether Plaintiffs' class claims are sufficient[2].

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

[2] Plaintiffs' class claims have not been dismissed to date.

f. Insurance: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

DEFENDANTS' CONTENTIONS:

12

1    **DEFENDANTS' CONTENTIONS:**

2         City Defendants, as employees of the City of Burbank, are permissibly self-

3    insured under the laws of the State of California.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

g. Motions: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

PLAINTIFF'S CONTENTIONS:

When plaintiffs learn through discovery the names of unknown named defendants, plaintiffs will seek to add their names as named defendants.

1   h. Status of Discovery: a discussion of the present state of discovery, including a

2   summary of completed discovery.

3   PLAINTIFF'S CONTENTIONS:

4   On March 15, 2022, plaintiff Glass propounded interrogatories and a request to

5   produce to all defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' CONTENTIONS:**

Defendants do not have a complete list of percipient witnesses at this time, as this case is in the early process of discovery. Despite this, Defendants can identify the following parties and percipient witnesses:

**i.    Parties**

The Defendants in this case are: Burbank Mayor Jess Talamantes, Burbank City Council Members Konstantine Anthony, Robert Frutos, Nicholas Schultz, Sharon Springer, Burbank City Manager Justin Hess, Burbank Asst. City Manager Judie Wilke, Burbank Police Chief Michael Albanese, and Twenty Unknown, Named City of Burbank Police Officers Defendants, 1-20, who have yet to be served.

**ii.    Percipient Witnesses**

City Defendants list the following percipient witnesses:

(1) Plaintiff Dr. B.L. Rosenfeld

(2) Plaintiff Dr. J. Glass

(3) Burbank Mayor Jess Talamantes

(4) Council member Konstantine Anthony

(5) Council member Bob Frutos

(6) Council member Nicholas Schultz

(7) Council member Sharon Springer

(8) City Manager Justin Hess

(9) Assistant City Manager Judie Wilke

(10)    Burbank Chief of Police Michael Albanese

(11)    Burbank Police Department Officer Pira #14107

(12)    Burbank Police Department Officer Denning #14106

(13)    Burbank Police Department Officer Losacco #6756

(14)    Burbank Police Department Officer Laufer #12211

(15)    Burbank Police Department Officer Garay #10742

| | | |
|---|---|---|
| 1 | (16) | Burbank Police Department Officer Stohl #9980 |
| 2 | (17) | Burbank Police Department Officer Mirakyan #12714 |
| 3 | (18) | Burbank Police Department Officer Markey #13208 |
| 4 | (19) | Burbank Police Department Officer Canizalez #15510 |
| 5 | (20) | Burbank Police Department Officer Montalbon # 12979 |
| 6 | (21) | Burbank Police Department Officer Debelius #13850 |
| 7 | (22) | Burbank Police Department Officer Sanchez #12190 |
| 8 | (23) | Burbank Police Department Officer Mencuri #12307 |
| 9 | (24) | Burbank Police Department Officer Voorhis #11589 |
| 10 | (25) | Burbank Police Department Officer Gordon #9560 |
| 11 | (26) | Burbank Police Department Officer Zimmerman #12715 |
| 12 | (27) | Burbank Police Department Jail Staff Cooper #11755 |
| 13 | (28) | Burbank Police Department Jail Staff Jurecka #9592. |
| 14 | (29) | Burbank Police Department Jail Staff Robles #13777 |
| 15 | (30) | Burbank Police Department Jail Staff Factora #15597. |
| 16 | (31) | Burbank Police Department Jail Staff George #14911 |
| 17 | (32) | Burbank Police Department Jail Staff Larson #9939 |
| 18 | (33) | Burbank Fire Department Fireman Mundell #14009 |
| 19 | (34) | Burbank Fire Department Fireman Ramos #14840 |
| 20 | (35) | Burbank Fire Department Fireman Kucharyski #15446 |
| 21 | (36) | Burbank Fire Department Fireman Vaughn #12137 |
| 22 | (37) | Burbank Fire Department Fireman Enriquez # 09101 |
| 23 | (38) | Burbank Fire Department Fireman Davidson #15534 |
| 24 | (39) | Burbank Fire Department Fireman Speed #15536 |
| 25 | (40) | Saul Perez |
| 26 | (41) | Michael Luevanos |
| 27 | (42) | Jack Tovar |
| 28 | (43) | Alexander Ballentos |

11

1          (44)   Robert Godinez
2          (45)   Mallory Perry
3          (46)   Andrew McKay
4          (47)   Dino Visinaiz
5          (48)   Justin Brown
6          (49)   Cheryl Chapman
7          (50)   Joshua Escobar
8          (51)   Gerson Guzman Molina
9          (52)   Los Angeles County Coroner and investigator
10   **iii.   Key Documents**
11          Defendants do not have a complete list of evidence at this time, as this case
12   is in the early process of discovery. Defendants identify the following potentially
13   key documents:
14          (1) Incident Report DR#22-49.
15          (2) Incident Report DR#22-99.
16          (3) Property and Evidence reports.
17          (4) Videos of cell and emergency response.
18          (5) Videos of search of cell post-incident.
19          (6) CAD Report Police Event #BP220030050.
20          (7) CAD Report Police Event #BP220040101.
21          (8) Dispatch audio recordings.
22          (9) Video recordings of interviews with Jail Personnel.
23          (10) Video recordings of interviews with Jail inmates.
24          (11) Audio recording of telephone call to Extended Stay America personnel.
25          (12) Photographs of cell.
26          (13) Video recording of inspection of S. Rosenfeld's hotel room.
27          (14) Photographs related to inspection of S. Rosenfeld's hotel room.
28

(15) Officer Daily Field Activity Logs (Officers Pira, Denning, Canizalez, and Markey).

(16) BPD Major Incident Log.

(17) Narcan Use Report.

(18) BPD Patrol Shift Reports (1/3/22 – 1/4/22).

(19) Watch Commander Logs (1/3/22 – 1/4/22).

(20) Sergeant Logs (Sgts. Garay and Laufer).

(21) In-house name search (S. Rosenfeld).

(22) Field Interview Contacts.

(23) Booking Packet (S. Rosenfeld).

(24) Daily Jail Records (1/3/22 – 1/4/22).

(25) Inmate call record.

(26) Jailer Alert card.

(27) Jailer Activity Reports (1/3/22 – 1/4/22).

(28) Burbank Fire Department Incident Report #2201100016.

(29) Officer MDC Discovery Log.

(30) Jail video footage.

(31) Coroner's Report.

1    **DEFENDANTS' CONTENTIONS:**

2        City Defendants dispute the nature and extent of Plaintiffs' injuries and

3   claimed damages, as well as Plaintiffs' entitlement to attorneys' fees under 42

4   U.S.C. § 1988 and/or punitive or exemplary damages.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i. Discovery Plan: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. (It is very unlikely that the Court will agree to phased discovery.) A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable. Rule 26(f)(2), a discovery plan that complies with Rule 26(f)(3) must be filed within 14 days after the scheduling conference. If the information provided in the Joint 26(f) Report does not meet these requirements, the parties must file an additional more detailed discovery plan no later than 14 days after the date of the scheduling conference, even if that conference date has been vacated.)

PLAINTIFF'S CONTENTIONS:

Once plaintiff, J. Glass, receives responses to her first set of interrogatories and request to produce, which are factually comprehensive, she then will decide promptly whether more written discovery and/or depositions is required and promptly would undertake it. Plaintiff Rosenfeld then will determine what discovery, if any, to take.

11

**DEFENDANTS' CONTENTIONS:**

i.    **Changes to Initial Disclosure Requirements**

Defendants served their initial disclosures on March 29, 2022 and are requesting a protective order related to private information and/or information regarding jail operations which may pose a security concern if released.

ii.   **Subject Discovery**

Defendants agree that discovery by way of depositions of parties and percipient witnesses will be needed.

Defendants' discovery plan: Assuming Defendants' Motion to Dismiss is not granted, Defendants anticipate taking the deposition of Plaintiffs by September 2022 and will propound their first set of Request for Production of Documents, Interrogatories, and Request for Admissions to Plaintiffs by July 2022. City Defendants will also subpoena decedent, S. Rosenfeld's medical and mental health records to assess Plaintiffs' claims and alleged damages, as well as any relevant Coroner's records once they become available. Such records are generally available 6-8 months following the Coroner's initial review. Depositions of Coroner personnel and relevant medical treaters are also anticipated.

iii.  **Electronic Discovery Issues**

Defendants do not anticipate problems with preservation of electronically stored information at this time and will meet and confer with Plaintiffs regarding the appropriate production vehicle. However, due to the proprietary nature of some security footage some delays are anticipated related to production and/or access.

iv.   **Claim of Privilege or Protection**

Based upon the discovery sought by Plaintiffs and the nature of Plaintiffs' allegations, Defendants request a stipulated protective order.

### v.    Changes to Limitations on Discovery

Based upon currently available information, Defendants do not anticipate a need for any change to the nature and limit of allowable discovery at this time.

### vi.    Any Other Orders

Defendants intend to file a Motion for a Protective Order prior to production of private information and/or information considered a security concern.

Defendants anticipate discovery disputes, delays, and motions throughout this litigation due to Plaintiffs' counsel's refusal to disclose his facsimile number, communicate via email, and provide draft joint documents to Defendants in electronic (Word) format.

At this time, City Defendants do not anticipate any other orders, but will reserve the right to bring forward any other issue that may arise which may require an order under Rule 16(b) and (c).

1    **DEFENDANTS' CONTENTIONS:**

2        Defendants request a Protective Order due to the anticipated nature and

3    substance of the anticipated discovery. The Protective Order has not yet been

4    signed by Plaintiffs. Defendants have served their Initial Disclosures. Defendants

5    have not yet propounded written discovery.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

j. Discovery cut-off: a proposed discovery cut-off date. *N.B.* This means the final day for completion of discovery, including resolution of all discovery motions. This date should ensure that discovery is completed sufficiently in advance of the motion cut-off date to avoid any request pursuant to Rule 56(d).

PLAINTIFF'S CONTENTIONS:

March 1, 2023.

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' CONTENTIONS:**

Defendants propose a discovery cut-off date of May 11, 2023.

k. Expert discovery: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2). This date should ensure that discovery is completed sufficiently in advance of the motion cut-off date to avoid any request pursuant to Rule 56(d).

PLAINTIFF'S CONTENTIONS:

April 1, 2023.

13

**DEFENDANTS' CONTENTIONS:**

City Defendants proposed the following dates related to expert discovery:

| | |
|---|---|
| Initial Expert Disclosures: | April 11, 2023 |
| Rebuttal Expert Disclosures: | April 25, 2023 |
| Expert Discovery Cut-off: | May 11, 2023 |

1  l. Dispositive motions: a description of the issues or claims that any party believes

2  may be determined by motion for summary judgment or motion in limine.

3  PLAINTIFF'S CONTENTIONS:

4  Presently, none.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**DEFENDANTS' CONTENTIONS:**

City Defendants filed a Motion to Dismiss [Dkt. No. 13], which is set to be heard by this Court on April 25, 2022, at 1:30 p.m. Defendants also intend to file early motions for summary judgment.

1    **DEFENDANTS' CONTENTIONS:**

2    City Defendants anticipate filing a Motion for Summary Judgment and/or

3    partial summary judgment as to Plaintiffs' Complaint if their Motion to Dismiss is

4    not granted.

m. Settlement/Alternative Dispute Resolution (ADR): a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting one of the three ADR Procedures specified in Local Rule 16- 15.4 and indicating when the ADR session should occur. Note: If counsel have received a Notice to Parties of Court-Directed ADR Program (form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.

PLAINTIFF'S CONTENTIONS:

Plaintiffs raised the issue and defendants declined to discuss it.

Plaintiffs agree to any ADR which does not require them to expend funds.

1    **DEFENDANTS' CONTENTIONS:**

2        Following the Court's ruling on Defendants' dispositive motions,

3    Defendants agree to private or Magistrate Judge ADR. The issue appears

4    premature at this state of litigation.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

n. Trial estimate: a realistic estimate of the time required for trial and whether trial will be by jury or by the court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must be prepared to discuss in detail the estimate.

PLAINTIFF'S CONTENTIONS:

About 4-5 days for a jury trial (from plaintiffs' counsel's past experiences); presently unable to estimate number of witnesses.

1    **DEFENDANTS' CONTENTIONS:**

2          Defendants' jury trial estimate is currently 5 to 7 days. Defendants are

3    presently unable to provide an accurate estimate as to anticipated number of

4    witnesses.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

o. Lead Trial Counsel: the name of lead trial counsel. Only one lead trial counsel should be named. If counsel purport to be co-lead counsel, both must appear at all proceedings set by the Court.

PLAINTIFF'S CONTENTIONS:

Stephen Yagman.

1    **DEFENDANTS' CONTENTIONS:**

2    For Defendants: Ashlee P. Clark

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

p. Independent Expert or Master: whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.)

PLAINTIFF'S CONTENTIONS:

None.

18

1   **DEFENDANTS' CONTENTIONS:**

2       Currently, Defendants do not envision the need for an independent expert or

3   special master.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

q. Timetable: complete the Schedule of Pretrial and Trial Dates attached to this Order and attach it to the Joint Rule 26(f) Report. Submission of a completed Schedule is mandatory. The entries in the "Weeks Before Trial" column reflect what the Court has determined are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference and otherwise to prepare for the conference. The Schedule is designed to enable counsel to ask the Court to set different (but only earlier) last dates by which the key requirements must be completed. Each side should insert the month, day, and year that side revised requests for each event. For example, the expert discovery cut-off might be "10/7/21" for plaintiff and "10/28/21" for defendant, if they cannot agree. Counsel are expected to act professionally and make every effort to agree on dates. At the scheduling conference, the Court will review the proposed Schedule with counsel. Each entry proposing Court dates must fall on a Monday, except the trial date, which must be a Tuesday. Counsel should ensure that requested dates do not fall on a holiday. In appropriate cases the Court will order different dates after it hears from counsel. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be heard, not filed. The Court is not likely to continue this date, and generally will not do so unless the trial date is also continued. The Schedule provides for separate "last days" for motions to amend pleadings or add parties, motions in limine, and all other motions.

PLAINTIFF'S CONTENTIONS:

Will submit later, once a scheduling conference has been set.

19

**40**

**DEFENDANTS' CONTENTIONS:**

As required by this Court's Standing Order, please see attached Exhibit "A": Schedule of Pretrial and Trial Dates

r. Magistrate Judge: whether the parties agree to try the case before a magistrate judge. Pursuant to 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including jury trials. The parties may choose any magistrate judge (not just the judge assigned to the case) from among the magistrate judges identified on the Central District website. The consent form can also be found on the website.

PLAINTIFF'S CONTENTIONS:

Plaintiffs would agree to the Magistrate Judge assigned to this action, Judge Eick, but are just as happy with Judge Fischer.

1    **DEFENDANTS' CONTENTIONS:**

2        City Defendants do not agree to try this case before a magistrate judge at this

3    time.

s. Class Actions: if the action is a putative class action, the parties are to provide a proposed briefing schedule for the motion for class certification. The schedule must provide for at least three weeks between the filing of the reply and the hearing. The Court expects the revised parties to act diligently and begin discovery immediately, because the motion must be filed no later than 120 days from the date originally set for the scheduling conference, unless the Court orders otherwise. In other words, a continuance of the date for the scheduling conference will not extend the time to file the motion for class certification.

PLAINTIFF'S CONTENTIONS:

None will be pursued.

1    **DEFENDANTS' CONTENTIONS:**

2    Plaintiff's class allegations have not been dismissed to date.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

t. Other issues: a statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.), and any proposals concerning severance, bifurcation, or other ordering of proof.

PLAINTIFF'S CONTENTIONS:

None, at this time.

1    **DEFENDANTS' CONTENTIONS:**

2    Defendants anticipate there may be disputes over protective orders, and

3    issues obtaining out-of-state party depositions.

4    Defendants also anticipate bifurcation may be proper.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YAGMAN + REICHMANN, LLP

By: _Stephen Yagman_
   STEPHEN YAGMAN

1    Date: April 5, 2022

2

3                                        Respectfully submitted,
                                         City Attorney's Office of the City of
4                                        Burbank

5                                        By: _____

6                                        Ashlee P. Clark
                                         Senior Assistant City Attorney
7                                        Attorney for Defendants BURBANK
                                         MAYOR JESS TALAMANTES,
8                                        BURBANK CITY COUNCIL
                                         MEMBERS KONSTANTINE
9                                        ANTHONY, ROBERT FRUTOS,
                                         NICHOLAS SCHULTZ, SHARON
10                                       SPRINGER, BURBANK CITY
                                         MANAGER JUSTIN HESS,
11                                       BUBRANK ASST. CITY
                                         MANAGER JUDIE WILKE, AND
12                                       BURBANK POLICE CHIEF
                                         MICHAEL ALBANESE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

**SCHEDULE OF PRETRIAL AND TRIAL DATES**

CASE NAME:     *Dr. Dr. B.L. Rosenfeld, et al. v. Talamantes, et al.*

CASE NO:       2:22-cv-00497-DSF-E

| Matter | Time | Weeks Before Trial | Plaintiffs' Request | Defendants' Request | Court's Order |
|---|---|---|---|---|---|
| Jury Trial (length 5-7 days) (**Friday**) | 8:00 am | | | 10/6/23 | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | N/A | N/A | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 pm | 4 | agree | 9/5/23 | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | agree | 8/22/23 | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5,6; File Status Report Regarding Settlement; File Motions in Limine | | 7 | agree | 8/15/23 | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 12 | agree | 7/11/23 | |
| Last day for **hearing** motions, LR 7 | | 14 | agree | 6/27/23 | |
| Non-expert Discovery Cut-off | | 21+ | agree | 5/11/23 | |
| Expert Disclosure (initial) | | | agree | 4/11/23 | |
| Expert Disclosure (rebuttal) | | | agree | 4/25/23 | |
| Expert Discovery Cut-off | | 21+ | agree | 5/11/23 | |
| Last Date to Amend Pleadings or Add Parties | | | agree | 8/31/22 | |

LR 16-15 ADR Choice:     ■ 1. USMJ 𝓟 or ↰

■ 3. Outside ADR △

■ 2. Attorney Settlement Panel 𝓟

49

50