ASHLEE P. CLARK, SR. ASST. CITY ATTY.
State Bar No. 278672
JILL A. VANDER BORGHT, SR. ASST. CITY ATTY.
State Bar No. 240004
JOSEPH MCDOUGALL, CITY ATTORNEY
State Bar No. 197689
275 East Olive Avenue
Burbank, CA 91502
Tel: (818) 238-5707
Fax: (818) 238-5724
Email: AClark@burbankca.gov

Attorneys for Defendants BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, BURBANK POLICE CHIEF ALBANESE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. DR. B.L. ROSENFELD and J. GLASS, as the parents of Scott Rosenfeld, a Black Man who was killed in custody by the Burbank, California police,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BURBANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE, and TWENTY UNKNOWN, NAMED CITY OF BURBANK POLICE OFFICERS DEFENDANTS, 1-20,<br><br>　　　　Defendants. | Case No.: 2:22-cv-00497-DSF-E<br><br>Assigned to the Hon. Dale S. Fischer<br><br>**REPLY OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>[Fed. R. Civ. P. 12(b)(1); 12(b)(6)]<br><br>**HEARING**<br>Date:　　April 25, 2022<br>Time:　　1:30 p.m.<br>Location:　7D<br><br><br>Complaint Filed: January 24, 2022<br>Discovery Cut-Off:　Not set<br>Final Pre-Trial Conf.:　Not set<br>Trial Date:　　Not set |

1

**TO THE HONORABLE COURT, ALL PARITES HEREIN AND THEIR ATTORNEYS OF RECORD:**

Defendants BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, and BURBANK POLICE CHIEF ALBANESE (collectively "Defendants"), hereby submit their Reply in support of Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(b)(1), respectively.

DATED: April 11, 2022

Respectfully submitted,
City Attorney's Office of the City of Burbank

By: _____
Ashlee P. Clark
Senior Assistant City Attorney
Attorney for Defendants BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BUBRANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE

# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Respectfully, Defendants' Motion to Dismiss (the "Motion") should be granted in its entirety as Plaintiffs' Memorandum in Opposition is both untimely and fails to point to any authority or contrary evidence which compels denial. The state law claims against Defendants are unequivocally barred by the Government Code and Plaintiffs' allegations do not set forth a cause of action for Fourth, Eighth, or Fourteenth Amendment civil rights violations or *Monell* claims. Furthermore, Plaintiffs fail to address their lack of standing to bring the RICO claims or that the intracorporate conspiracy doctrine and qualified immunity bar the conspiracy claims. Additionally, the Opposition acknowledges that there is no private right of action for their international law claims. Lastly, despite their current Opposition, Plaintiffs have already represented to the Court that they intend to abandon both the RICO and the class claims. [See Dkt. 18.]

For all these reasons, the Motion to Dismiss should be granted.

## II. THE UNTIMELY OPPOSITION SHOULD BE DISREGARDED.

Despite having extensive time to prepare a response, Plaintiffs' counsel filed Plaintiffs' Opposition to Defendants' Motion to Dismiss several days late.

Local Rule 7-9 states, in relevant part, the following: "Each opposing party shall … not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion."

3

Defendants filed their Motion to Dismiss on March 23, 2022, with a hearing date of April 25, 2022. Twenty-one days prior to April 25, 2022 is April 4, 2022. Plaintiffs did not file and serve their Opposition until April 8, 2022. [See Dkt. 19.]

Failure to follow a district court's local rules is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Thus, "a court may dismiss an action for plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of the opposition." *Bury v. Adams*, No. CVF007099RHWWMWP, 2006 WL 1085083, at *1 (E.D. Cal. Apr. 25, 2006). Central District Local Rule 7-12 states, "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion…" As such, Defendants respectfully request the Court grant their Motion and dismiss Plaintiffs' stated causes of action with prejudice.

### III. PLAINTIFFS' STATE CAUSES OF ACTION ARE BARRED BY GOVERNMENT CODE SECTIONS 820.2, 820.8, 844.6, AND 845.6.

As demonstrated by the Opposition's lack of argument, Plaintiffs' state law claims against Defendants are unequivocally barred by the California Government Code, and should be dismissed with prejudice. (See, Gov. Code §§ 820.2, 820.8, 844.6, and 845.6.) Neither the Complaint nor the Opposition includes additional facts which would limit or defeat such immunity. *Towery v. State of California*, 14 Cal.App.5th 226, 232, fn. 5 (Ct. App. 2017) [noting body of plaintiff's Complaint fails to set forth allegations to establish viable exception to immunity]. Plaintiffs admit that the currently named Defendants were not present at the time of decedent's arrest and detention, and, therefore, were both unaware of his need for medical care and did not direct his confinement. (Gov. Code § 844.6 and 845.6.) The Complaint includes no allegations demonstrating personal fault by each of the

4

Defendants (Gov. Code § 820.8) and any policy decisions related to the creation or adoption of police policy are planning level discretionary actions. (Gov. Code § 820.2.) The claims should be dismissed.

### IV. THE CIVIL RIGHTS CLAIMS ARE SUBJECT TO DISMISSAL.

#### a. The Complaint Fails to Allege Sufficient Facts to Demonstrate Deliberate Indifference Under Any Standard.

Plaintiffs' Opposition attempts to cast their deliberate indifference claim in the light of an Eighth Amendment claim. However, Plaintiffs fail to allege facts sufficient to show that S. Rosenfeld was a convicted prisoner at the time of the alleged conduct in order to establish a cognizable claim under the Eighth Amendment. *Cavanaugh v. Cnty. of San Diego,* 2020 WL 6703592 at *8 (S.D. Cal. 2020). In fact, Plaintiffs' Complaint and Opposition both admit that S. Rosenfeld was a pre-trial detainee. (Complaint ¶ 9 and Opp. at 17: 9-10.) The case law pertaining to the Eighth Amendment is, therefore, inapplicable to the present case and provides no authority for opposition to this Motion.

#### b. No Fourteenth Amendment Deliberate Indifference Violation Is Pled

Plaintiffs' Opposition rightly outlines that pre-trial detainee deliberate indifference claims must meet the objective deliberative indifference standard established in *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). (Opp. at 17.) However, Plaintiffs' claim fails to plead sufficient facts to create a plausible claim under *Gordon*. First, the Complaint fails to allege facts sufficient to demonstrate a "serious medical need", referring only to "distress" of the arrestee and citing no authority confirming "distress" alone absent any other factual allegations is sufficient to establish a "serious medical need".

1           Second, upon demonstration of a serious medical need, Plaintiffs must then
2   allege facts to show that the Defendants' response was deliberately indifferent.
3   *J.K.J. v. City of San Diego*, 2020 WL 738178 at *6-8 (S.D. Cal. 2020). "[M]ere
4   indifference [or] negligence ... is not enough to constitute deliberate indifference."
5   *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020). "Even gross negligence
6   is insufficient to establish deliberate indifference." *Id*. Here, in addition to failing
7   to establish a serious medical need, the Complaint fails to allege facts that each
8   defendant acted with deliberate indifference. *Scalia v. Cnty. of Kern*, 308 F. Supp.
9   3d 1064, 1072 (E.D. Cal. 2018). The Complaint, as currently plead, demonstrates
10  negligence at most on the part of the involved officers or jailers as there are no
11  facts to demonstrate how Decedent's "distress" was outwardly manifested and/or
12  different from that of common arrestees, or how the "distress" placed him at
13  substantial risk of suffering serious harm. *Kingsley v. Hendrickson*, 576 U.S. 389,
14  135 S. Ct. 2466, 2473 (2015); *Neuroth v. Mendocino Cty.*, No. 15-CV-03226-RS,
15  2018 WL 4181957, at *10 (N.D. Cal. Aug. 31, 2018) ["Deliberate indifference
16  claims, however, cannot be evaluated on the basis of 20/20 hindsight."].
17          Lastly, the Complaint's individual capacity claims fail because Plaintiffs fail
18  to identify the culpable actions of each individually named Defendant which
19  objectively demonstrates deliberate indifference. The Ninth Circuit has confirmed
20  that specifics tying the Defendants to the alleged violation are required. *Starr v.
21  Baca*, 652 F.3d 1202, 1209–12 (9th Cir. 2011); *Maldonado v. Cnty. of Orange*, No.
22  819CV00883JLSJDE, 2019 WL 6139937, at *2 (C.D. Cal. Aug. 29, 2019). Here,
23  the facts surrounding the incident confirm that the Defendants were not present.
24  Failure to allege more than supervisory capacity is insufficient.
25
26  ///

### c. Plaintiffs Do Not Oppose and Thus Tacitly Agree Plaintiffs' Individual Due Process Claims Should Be Dismissed.

Plaintiffs do not oppose the fact that Defendants cannot be liable for their individual due process claims as Defendants did not act with a purpose to harm [Rosenfeld] unrelated to legitimate law enforcement objectives. *Porter v. Osborn*, 546 F.3d 1131, 1131, 1137 (9th Cir. 2008). Thus, Plaintiffs tacitly concedes these claims against Defendants must be dismissed. See, Local Rule 7.6(a); *United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*, 2015 WL 12752552, *10 (C.D. Cal. 2015) [plaintiff tacitly concedes that she cannot state a claim for relief by abandoning arguments in support of the theory in opposition to defendant's motion to dismiss]; *Silva v. U.S. Bancorp*, 2011 WL 7096576, *3 (C.D. Cal. 2011) [ruling that plaintiff's failure to respond in his opposition brief to defendants' argument in motion to dismiss amounted to concession that his claim should be dismissed].

### d. The Complaint is Silent to a Fourth Amendment Violation.

While Plaintiffs now attempt to argue in their Opposition that the basis of Rosenfeld's arrest and detention are at issue, (even referring to allegations of "touching and force" to support their Fourth Amendment claim Opp. at 14:8-9), the Complaint does not support this conclusion. The Complaint mentions only that Decedent was in taken into police custody, it is silent to the events surrounding the detention or any officer/jailer's use of force, excessive or otherwise. Complaint, ¶ 9; *Cavanaugh, supra,* 2020 WL 6703592 at *8. In fact, Plaintiff's own synopsis of the claims within the Opposition fails to reference any challenge to the arrest. (Opp. at 3: 7-11.) "In general, a court should not look beyond the four corners of a complaint when ruling on a motion to dismiss." *Michael v. New Century Fin. Servs.*, 65 F. Supp.3d 797, 803 (N.D. Cal. 2014). Plaintiffs set forth no factual

allegations which would support a plausible theory of liability for violation of the Fourth Amendment.

Having failed to establish Eighth, Fourteenth, or Fourth Amendment liability, the civil rights claims should be dismissed.

## V. PLAINTIFFS HAVE NOT SUFFICIENTLY PLED A CAUSE OF ACTION FOR *MONELL* LIABILITY

Without a constitutional violation, there can be no *Monell* liability. As outlined above, the Complaint fails to establish any constitutional violation. Therefore, the *Monell* claims are properly dismissed.

Additionally, Plaintiffs' Opposition provides no additional support to correct or justify the pleading deficiencies in the Complaint regarding the *Monell*-based claim against the Defendants. When applying the relevant pleading standard to claims for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of City of N.Y.,* 436 U.S. 658 (1978), "**courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability.**" *Wilson ex rel. Bevard v. City of W. Sacramento*, No. CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) (emphasis added).

It is Defendants' position that the Complaint is devoid of any facts to support any *Monell*-related claims and that the Plaintiffs cannot rely solely on legal conclusions and conclusory allegations in order to withstand dismissal of these claims. See*, Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011). Plaintiffs have not set forth the required detailed allegations which specify "the content of the policies, customs, or practices the execution of which gave rise to" the constitutional injuries alleged. *Mateos-Sandoval v. Cnty. of Sonoma*, 942 F.Supp.2d 890, 900 (N.D. Cal. 2013). Moreover, Plaintiffs have not cited to any

other "similar incidents" that would establish a long-standing, widespread custom, policy, or practice of the City/Defendants violating individuals' constitutional rights in the manner that Plaintiffs now allege. Lastly, the Complaint fails to allege the requisite individualized causal connections tying Defendants' actions to the alleged violations or notice of policy deficiency. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407–09 (1997).

As anticipated, Plaintiffs argue in their Opposition that the need for discovery should override pleading a factual basis for liability under *Monell*. In *Via v. City of Fairfield*, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) the Court rejected this argument stating:

> This low threshold for pleading a *Monell* claim, however, cannot survive after the Supreme Court rejected "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in *Iqbal*. Since *Iqbal*, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer *Monell* liability. See e.g., *Palermo v. Town of N. Reading*, 370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010) (dismissing a *Monell* claim when "the complaint as a whole contained no factual assertions whatsoever regarding Town policy"). **Although plaintiff may benefit from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."** *Id.* at 1196 (emphasis added) (citations omitted).

In the absence of any actual facts to support a *Monell* claim [i.e., a factually based custom, practice, or policy held by the City that was the cause or moving force behind the alleged deprivation of Plaintiffs' and/or Decedent's constitutional rights], it is respectfully submitted that the Third Claim be dismissed with prejudice as to Defendants.

## VI. DEFENDANTS ARE ENTITLED TO IMMUNITY AS TO THE CONSPIRACY CLAIM.

Plaintiffs fail to even address the fact that their conspiracy claims are plainly barred by the intracorporate conspiracy doctrine and/or Defendants are entitled to qualified immunity from such claims. Plaintiffs' Opposition does not address *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1060 (9th Cir. 2020), wherein the Ninth Circuit found that intracorporate liability is not clearly established law, and thus qualified immunity precludes such a claim. *Id.* Thus, the conspiracy claim against Defendants must be dismissed with prejudice. Plaintiffs' failure to address the argument amounts to concession that their claim lacks merit. *United States ex rel. Silingo, supra,* 2015 WL 12752552, *10 (C.D. Cal. 2015); *Silva, supra,* 2011 WL 7096576, *3 (C.D. Cal. 2011) [ruling that plaintiff's failure to respond in his opposition brief to defendants' argument in motion to dismiss amounted to concession that his claim should be dismissed].

## VII. PLAINTIFFS' INJURIES DO NOT CONSTITUTE INJURY TO "BUSINESS OR PROPERTY" UNDER RICO.

Plaintiffs' Opposition acknowledges that to pursue a RICO claim, they must allege injury to "business or property." (Opp. at 22: 22-24.) However, rather than address the Complaint's insufficiencies, the Opposition appears to recycle an argument which does nothing to advance Plaintiffs' claim. Although *Diaz v. Gates,* cited throughout Defendants' Motion, expanded the definition of property interests to include "prospective business relations," the holding did not change or eliminate the requisite standing requirement, and it did not hold that all personal injuries are compensable injuries under RICO. *Diaz v. Gates,* 420 F.3d 897, 900 (9th Cir. 2005). In fact, the case confirmed that "[a] person who suffered physical injury and mental distress, but not injury to his business or property, on account of racketeering

misconduct of the sort denoted in section 1962 and 1961, could not state a claim upon which relief could be granted under RICO." *Id.* at 906 (Kleinfeld concurring). Plaintiffs provide no support that they have standing here, and all of the cases cited by Plaintiffs involving judicial and police officers and police departments are distinguishable from the current case as *none* of the RICO claims involved personal injury.

Plaintiffs' claims do not constitute injury to "business or property" and this claim should be dismissed.[1]

### VIII. THE INTERNATIONAL LAW CLAIMS FAIL AS A MATTER OF LAW.

Courts have repeatedly held that there is no private right of action as to *jus cogens* and *jus dispositivum* claims made by United States citizens against another United States citizen - such domestic questions are to be addressed by domestic law. *In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, 25 F.3d 1467, 1474–75 (9th Cir. 1994); *Hawkins v. Comparet-Cassani*, 33 F. Supp. 2d 1244 (C.D. Cal. 1999). Here, Plaintiffs have adequate remedies available under the law and the claims should be dismissed. *White v. Paulsen,* 997 F. Supp. 1380, 1383-1384 (E.D. Wash. 1998).

### IX. THE CLASS CLAIMS SHOULD BE DISMISSED.

Plaintiffs' opposition to the dismissal of their class claims in this matter also appears disingenuous following their representation to Defendants and this Court that the class claims will not "be pursued." [Dkt. 18, Rule 26(f) Report, p. 5, 44.] Even if these claims are not abandoned, the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 23(a) and should be dismissed.

---

[1] Plaintiffs' current Opposition to this claim appears misleading given express confirmation in the Joint Rule 26(f) Report that the RICO claim would not be pursued. [See Dkt. 18, Rule 26(f) Report, p.5.]

## X. CONCLUSION

For all the reasons set forth herein, Defendants respectfully request than an Order issue granting Defendants' Motion to Dismiss in its entirety.

DATED: April 11, 2022

Respectfully submitted,
City Attorney's Office of the City of Burbank

By: *Ashlee P. Clark*
Ashlee P. Clark
Senior Assistant City Attorney
Attorney for Defendants BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BUBRANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2022, our office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

By:  */s/ Ashlee P. Clark*
Ashlee P. Clark