STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DR. DR. B.L. ROSENFELD and J. GLASS, as the parents of Scott Rosenfeld, a Black Man who was killed in custody by the Burbank, California police, | 2:22-cv-00497-DSF(Ex) |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** (Per 05/23-22 order) |
| v. | (Burbank Police Brutality 42 U.S.C. § 1983, 18 U.S.C. § 1961, *et seq.*) |
| BURBANK MAYOR JESS TALAMANTES URBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BURBANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE, and TWENTY UNKNOWN, NAMED CITY OF BURBANK POLICE OFFICERS DEFENDANTS, 1-20, | **CLASS ACTION ALLEGATIONS** **JURY DEMAND** |
| Defendants. | Judge Dale Susan Fischer |

Plaintiffs make the following allegations, on information and belief, in support of the this first amended complaint:

//

//

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

1. Plaintiffs are **DR. DR. B.L. ROSENFELD** and **J. GLASS,** who are the parents of their deceased son, Scott Rosenfeld, and who assert claims both as survival claims and in their own right, and assert federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendants, who are **BURBANK MAYOR JESS TALAMANTES, BURBANK CITY COUNCIL MEMBERS KONSTANTINE ANTHONY, ROBERT FRUTOS, NICHOLAS SCHULTZ, SHARON SPRINGER, BURBANK CITY MANAGER JUSTIN HESS, BURBANK ASST. CITY MANAGER JUDIE WILKE, BURBANK POLICE CHIEF MICHAEL ALBANESE,** and **TWENTY UNKNOWN, NAMED CITY OF BURBANK POLICE OFFICERS DEFENDANTS, 1-20,** and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims, defendants' conduct affects and interferes with interstate commerce, and jurisdiction lies pursuant to both diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), as plaintiffs are, respectively, citizens of Texas and Maryland, and all defendants are citizens of California, and pursuant to supplemental jurisdiction, under 28 U.S.C. § 1367.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Burbank, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff and all class members, whose number presently is unknown, are persons who have been subject to Burbank police brutality and deliberate indifference, and defendants are the perpetrators of police brutality and deliberate in difference; and the **UNKNOWN NAMED DEFENDANTS,** whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, and whose conduct is culpable, and whose unknown names will be

2

replaced by their true identities when those true identities are learned, are persons who may have engaged in some conduct that is culpable with respect to plaintiffs and their deceased son, as set forth hereinbelow.  All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged.

4. Defendants each and all are sued in both their individual capacities, and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only; and in their individual capacities only for the RICO violations hereinbelow alleged.

5. Plaintiffs and class members all are persons who have been brutalized and subjected to deliberate indifference, to both constitutional violations and RICO violations by defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the LAPD.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law,

both statutory and common law, as set forth by both the United States Supreme
Court and the United States Court of Appeals for the Ninth Circuit.

9. On or about Jan. 2, 2022, Burbank police took into their custody, without
a warrant, or reasonable suspicion, or probable cause to do so, Scott Rosenfeld, a
Black man, who was exhibiting signs of both emotional and physical distress, such
that a reasonable police officer, some defendants herein, would have known that
he had a constitutional duty under both the Eighth Amendment,[1] by way of the
Fourteenth Amendment, and the Fourteenth Amendment, not to be deliberately
indifferent to Scott Rosenfeld's serious medical needs, defendants were
deliberately indifferent to Scott Rosenfeld's demonstrable serious medical needs,
they placed him in jail cells with others and then by himself, and he died while in
their custody, as a direct and proximate result of their deliberate indifference to his
serious medical needs, *see infra*, and unconstitutional policies and customs of the
Burbank police department, which ignore the requirement not to be deliberately
indifferent to the serious medical needs of those in their custody.

11. The signs of Scott Rosenfeld's serious medical needs, that showed he
was *in extremis*, that were manifested to his jail captors were, *inter alia*:

> he physically was shaking;

> he abnormally profusely was perspiring;

> he was abnormally loud;

> he abnormally was agitated;

> he abnormally was restless;

> he abnormally was displaying signs of anxiety;

---

[1] Plaintiffs' counsel knows well what the current, controlling law is on which
Amendment governs the "medical needs" claims made herein, and pleads them
under *both* the Eighth Amendment and the Fourteenth Amendment, because he
wishes to advance "nonfrivolous argument for extending, modifying, or reversing
existing law or for establishing new law." Fed. R. Civ. P. Rule 11(b)(2).

>he displayed signs of decreased breathing;

>his pupils were abnormally, very small;

>he exhibited abnormal signs of drowsiness;

>he was unusually, very slow to respond to officers' questions, when he responded at all;

>he was unusually loathe to have conversations;

>he was a heroin addict, whose arms manifested needle marks that were obvious to the police in whose custody he was;

>he was administered Narcan, which would not have been administered unless it had been at least suspected that there was a drug overdose emergency;

>he manifested with signs of breathing problems and severe sleepiness;

>he was not timely provided with appropriate medical care and treatment, without which medical care and treatment one would suffer serious bodily harm, including, liver failure, respiratory arrest, and would, as Scott Rosenfeld did, die;

>he manifested extreme signs of narcotics intoxication which, without medical intervention does, and in this case did, result in great bodily harm, such as heart, lung, and liver failure, and death, as here it did.

All of this would cause a reasonable person who was not deliberately indifferent or incompetent or intentionally breaking the law, to have sought immediate medical care and treatment for Scott Rosenfeld, which was not done.

12. The non-Burbank police defendants each and all are legally liable for all of this conduct because they caused it, ratified it, condoned it, approved of it, both before and after the fact of Scott Rosenfeld's death, or otherwise made it possible, by their actions and/or inactions, and caused and/or create Burbank police policies, practices, procedures, and/or customs that caused the Burbank police officers' unconstitutional conduct.

//

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT ONE

(Against All Defendants, 42 U.S.C. § 1983)

13.  By virtue of all of the symptoms set forth in averment 12, all defendants were aware of Scott Rosenfeld's serious medical needs, did nothing about them, and thereby were deliberately indifferent to them, because defendants made intentional decisions with respect to them that placed Scott Rosenfeld at substantial risk of suffering serious harm and death, defendants failed to take and did not take reasonable, available measures to abate that risk, even though a reasonable person in the circumstances would have appreciated the high degree of risk involved -- death -- making the consequences of defendants' conduct obvious, and by not taking such measures, defendants caused the death of Scott Rosenfeld, as well as plaintiffs' serious harm and loss of familial interests, including Scott Rosenfeld's love and companionship, so that therefore defendants all are liable to plaintiffs and to their decedent, pursuant to 42 U.S.C. § 1983, for violation of decedent's and plaintiffs' Fourth, Eighth, and Fourteenth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, and arrests, and not to be treated while in custody with deliberate indifference by police, and for loss of plaintiffs' associational rights with their son, decedent Scott Rosenfeld.

## COUNT TWO

(Against All Defendants for Conspiracy Under § 1983)

14.  Plaintiffs reallege specifically hereat the allegations set forth at averments nine through 11-13, hereinabove, and by virtue thereof, all defendants also are liable to plaintiffs for conspiracy to violate Fourth Amendment, Eighth Amendment, and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement or understanding and a meeting of the minds that the wrongs perpetrated would be perpetrated, to wit, that they would ignore and be deliberately indifferent to Scott Rosenfeld's and his parents constitutional rights,

6

and because they acted on their agreement or understanding. A reasonable person in defendants' situation objectively would not have believed her or his actions and inactions were proper, and defendants, therefore, either were plainly incompetent or knowingly violated clearly-established, constitutional principles. Defendants acted in both their individual *and* official capacities. Defendants all were in one another's and Scott Rosenfeld's physical presence and together, collectively failed to act, thus show ing a meeting of their minds not to act to save his life. Defendants by their concerted inactions showed that they intended to accomplish the unlawful objective of letting Scott Rosenfeld die, which resulted in damage to both him and to plaintiffs. Their agreement was not overt, and is inferred from the circumstantial evidence of Scott Rosenfeld's manifested symptoms and the actions and inactions of defendants. Defendants' actions and inactions are unlikely to have been undertaken without an agreement among them, which allows a jury to infer the existence of a conspiracy, because an unlawful conspiracy generally is a factual issue that should be resolved by a jury, so long as there is a possibility that the jury can infer from the circumstances that the alleged conspirators had a meeting of the minds and thus reached an understanding to achieve the conspiracy's objectives; and, to be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant need only share the common objective of the conspiracy, evidence of a conspiracy need be only a slight connection, which means that a defendant need not have known all of the conspirators, participated in the conspiracy from its inception, participated in all of its actions or inactions, or known all of its details.

//

//

//

//

7

**COUNT THREE**

(Against All Defendants  Under Sec. 1983)

15.  All defendants are liable to plaintiffs because they had and have, and foster, a policy, practice, procedure, and custom of Fourth, Eighth, and Fourteenth Amendment violations by members of the Burbank police department, which policies, *etc.*, in violation of the Constitution, were the moving forces that caused the violation of the plaintiffs' rights and of Scott Rosenfeld's rights, as alleged hereinabove; and also the City Council and mayoral defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, Burbank police officers for punitive damages assessed against those officers by juries in civil rights cases, because that practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

16. More specifically, defendants have, maintain, and tolerate a police department whose police officers have a custom of violating detainees' and arrestees' Fourth, Eighth, and Fourteenth Amendment rights, by conducting warrantless stops without reasonable suspicion and based on hunches, warrantless arrests without probable cause and based on hunches, not providing appropriate medical care to those who have been stopped, arrested, and/or taken into custody, and who have displayed, as did Scott Rosenfeld, serious medical problems for which no medical assistance has been gotten, and they have done this especially with respect to Black men, such as Scott Rosenfeld.

17. What is set forth in averment 16 is the decision of the official policymakers, and is the custom of the police department, who choose this as the particular course of action from among various alternatives -- such as following the Constitution: it is a deliberate choice.

18. What befell Scott Rosenfeld at the hands of the Burbank police, as set forth in detail in averment 11, above, is the custom of which complaint is made,

and is not a sporadic incident, is a long-standing, and not a sporadic, occurrence, and is both frequent and consistent, so that it has become the traditional method of carrying out policy and custom.

19. Moreover, the council member defendants consistently have indemnified police for damages awarded against the police by juries, but have done so improperly by not reading the transcripts of the underlying trials, and thereby have, without basis, overruled jury determinations that police misconduct warranted damages, and this has caused and is the moving force behind, and encourages, police misconduct because it makes police feel free to engage in misconduct: that is, such indemnifications are a moving force behind police misconduct, such as occurred in this case. The indemnifications are not done in good faith because they are done *carte blanche* without being based on any record, and are the policy.

### COUNT FOUR
(Against All Defendants Under The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*)

20. The racketeering activity herein alleged is obstruction of justice, and the obstruction of justice occurred by defendants preventing plaintiffs and their deceased son and class members from exercising their federal constitutional rights, as set forth hereinabove. Also, it caused the concrete financial loss of plaintiffs having to pay for the funeral expenses of their deceased son, as well as the financial loss of the cost of a forensic pathologist to examine their son's remains, both in the many thousands of dollars, as well as the cost and expense of having to investigate their son's death and the cost of legal representation to vindicate and compensate for their son's death.

21. Defendants unlawfully have engaged in the racketeering activity set forth in the preceding averments on at least two occasion during the past 10 years, through a pattern of racketeering activity, and have acquired directly and indirectly

control of an enterprise, the Burbank police department, which has engaged in and whose activities affect interstate commerce.

23. Defendants, who either are employed by or who are associated with, that racketeering enterprise, have conducted that enterprise through a pattern of racketeering activity, as set forth hereinabove.

24. Defendants have obstructed justice by concealing and refusing to produce to plaintiff the facts of the subject incident, as well as documentary materials that are evidence of the subject incident, and have refused to respond substantively to interrogatories and a request to produce, and spuriously have objected to responding substantively and making production -- contending that those matters will not be turned over absent the issuance of a protective order, while, at the same time, not applying for a protective order, and this constitutes obstruction of justice in a federal proceeding.

25. Defendants corruptly have, and have attempted to influence, obstruct, and/or impede, and/or endeavored to influence, obstruct, and/or impede the due administration of justice in the instant action by improperly refusing to make discovery of the facts and circumstances surrounding and causing Scott Rosenfeld's death at the hands of some defendants, and thereby have obstructed justice in this federal proceeding. [2]

26. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. §§ 1962(b) and (c).

27. Plaintiffs and class members all were injured in their business, property, and/or employment by reason thereof, and plaintiffs and class members each and

---

[2] A motion will be made in due course to add as defendants persons other than the present defendants for engaging in this obstructive conduct, including the attorneys of record for defendants who have obstructed discovery in this action. `

all are entitled to damages, to be trebled, and plaintiffs and class members each and all are entitled to injunctive relief as requested hereinabove.

### COUNT FIVE
(Negligence, Wrongful Death, and Survival)

28. Plaintiffs on Jan. 7, 2022 timely filed with the Burbank City clerk a claim for damage pursuant to Cal. Govt. Code § 911.2, and that claim was denied on Jan. 18, 2022.

29. Defendants had a legal duty to plaintiffs and to their son to be careful with respect to his care, they carelessly breached that duty, and that breach was both a factual and proximate cause of the deceased's death, which harmed both the deceased and plaintiffs, based on which plaintiffs allege constitutional claims, survival claims, and wrongful death claims.

### COUNT SIX
(Cal. Civil Code §52.1, The Tom Bane Act)

30. California's Bane Act makes liable under California law any person who intentionally interferes with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights, and here Burbank police defendants and the other defendants acted with reckless disregard and with deliberate indifference for plaintiffs' decedent's and plaintiffs' constitutional rights.

31. Defendants' conduct was unreasonable and was a substantial factor in causing plaintiffs' decedent and plaintiffs' harms and damages, and the defendants in their official capacities are liable for plaintiffs' decedent's and plaintiffs' injuries.

32.-220. Reserved.

### CLASS ACTION ALLEGATIONS

221. Plaintiffs are members of a classes of persons (1) who have been harmed by the actions as set forth hereinabove and of (2) the class of persons who are the families of and heirs or successors in interest of class, all of whose

11

members have been harmed by unconstitutional conduct by Burbank police and their superiors and government actors and policymakers.

222. These classes are so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of classes, and are the only persons who have information sufficient to identify the members of classes), it is impracticable to join the members of those classes in these actions.

224. There are common questions of fact and of law with respect to each class.

225. The claims made by the representative parties are typical of the claims of each class' claims.

226. The representatives of each class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

227. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally applicable to each class, and class questions predominate with respect to each class.

228. Therefore, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A),(B) and (3).

229. It is impracticable to  measure the size of the classes, but they are as large as the numbers of suspects encountered at any given by Burbank police officers at any given time, or over a period of time.

230. The nature of the notice to be provided to class members could be as follows: an advertisement or public service notice could be placed in appropriate

12

media; and, once members are identified, the court could fashion an appropriate notice.

**WHEREFORE,** plaintiffs and class members request relief against each defendant as follows:

1. Compensatory damages for all non-RICO violations;

2. Compensatory damages for all RICO violations, to be trebled;

3. Punitive damages on all non-*Monell* claims, sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $1,000,000.00 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
       **STEPHEN YAGMAN**