| | |
|---|---|
| 1 | ASHLEE P. CLARK, SR. ASST. CITY ATTY.<br>State Bar No. 278672 |
| 2 | JILL A. VANDER BORGHT, SR. ASST. CITY ATTY.<br>State Bar No. 240004 |
| 3 | JOSEPH MCDOUGALL, CITY ATTORNEY<br>State Bar No. 197689 |
| 4 | 275 East Olive Avenue<br>Burbank, CA 91502 |
| 5 | Tel: (818) 238-5707/Fax: (818) 238-5724<br>Email: AClark@burbankca.gov |
| 6 | |
| 7 | COLLINSON, DAEHNKE, INLOW & GRECO<br>Laura E. Inlow, SBN 130584 |
| 8 | Email: laura.inlow@cdiglaw.com |
| 9 | 21515 Hawthorne Blvd., Suite 800<br>Torrance, CA 90503 |
| 10 | Telephone: (424) 212-7777/Facsimile: (424) 212-7757 |
| 11 | Attorneys for Defendants, BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, BURBANK POLICE CHIEF ALBANESE, PIETRO PIRA, AARON DENNING, DAWN JURECKA, MAYRA ROBLES, ROBERT FACTORA, TAYLOR GEORGE, GLEN LARSON, AND TANIA COOPER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DR. DR. B.L. ROSENFELD and J. GLASS, as the parents of Scott Rosenfeld, a Black Man who was killed in custody by the Burbank, California police,<br><br>            Plaintiff,<br><br>v.<br><br>BURBANK MAYOR JESS TALAMANTES, ET AL.,<br><br>            Defendants. | CASE NO. 22-CV-00497-DSF-E<br>Action Filed: January 24, 2022<br><br>**DISCOVERY MOTION**<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES (DKT. 95) AND REQUEST FOR SANCTIONS; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI**<br><br>Date:     December 2, 2022<br>Time:    9:30 a.m.<br>Location: Ctrm. 750/Roybal<br><br>Complaint Filed: January 24, 2022<br>Trial Date:    October 17, 2023 |

-1-
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants hereby submit the following Opposition to Plaintiffs' Motion to Compel Further Supplemental Interrogatory Responses from Burbank Police Chief Albanese. (Dkt. 95). Defendants also request sanctions under Rule 37 for the abusive conduct of Plaintiffs' attorney. Defendants also request that the Court, on its own motion, award sanctions against Plaintiffs' counsel for his abusive tactics, the repeated misrepresentations to the Court in filed documents, and his waste of the time and resources of both the Court and Defendants.

DATED: November 8, 2022       COLLINSON, DAEHNKE, INLOW & GRECO

By: _____
Laura E. Inlow, Esq.
Attorneys for Defendants, BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, BURBANK POLICE CHIEF ALBANESE, PIETRO PIRA, AARON DENNING DAWN JURECKA, MAYRA ROBLES, ROBERT FACTORA, TAYLOR GEORGE, GLEN LARSON, AND TANIA COOPER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs seek an order compelling "adequate and truthful responses" from Defendant Burbank Police Chief Albanese to Plaintiffs' interrogatories numbers 16 and 17. Once again, Plaintiffs' counsel has wholly misrepresented the facts and the procedural history. In support of this frivolous motion, Plaintiffs allege that defendants failed to participate in preparing the Joint Stipulation, which was not filed with the Court. However, as outlined below, nothing could be farther from the truth. Thus, this is yet another defective discovery motion filed by Plaintiffs as it fails to comply with L.R. 37-2 et seq. and should be denied on that basis. The motion should also be denied on its merits as the requested information is irrelevant and private. Finally, as outlined below, sanctions should be awarded to Defendants for their attorneys' fees and costs in having to respond to yet another frivolous discovery motion and for the reimbursement of unnecessary courier fees.

## II.  PLAINTIFFS INTENTIONALLY MISREPRESENT THE PROCEDURAL HISTORY

Once again, Plaintiffs' counsel has intentionally misrepresented the facts and the procedural history of both this case in general and this particular discovery dispute.

### A.  <u>The Procedural History of this Case Reflects Plaintiffs' Disregard for Court Orders and History of Misrepresentations to the Court</u>

Plaintiffs filed the instant action on January 24, 2022 against the City of Burbank's Mayor, City Council Members, City Manager, and Chief of Police following the death of their son, Scott Rosenfeld ("Rosenfeld" or "Decedent") while in the custody of the Burbank Police Department ("BPD"). (Dkt. 1). Defendants made their timely and substantive Initial Disclosure of Documents and Witnesses on March 29, 2022. In the Disclosures, Defendants identified all involved personnel with the

1  City of Burbank and specifically identified the City jailers. (Dkt. 17). The list of all
2  involved witnesses and personnel was also included in the parties' prior Rule 26 Joint
3  Report filed on April 6, 2022. (Dkt. 18).
4        On August 2, 2022, Defendants produced relevant documents, including the jail
5  records which clearly reflect the identity of each jailer. When Mr. Yagman
6  represented that he could not access the electronically sent documents, two duplicate
7  productions were made in different formats. (Inlow Decl., ¶ 2). As such, Plaintiffs
8  have been in possession of the identities of all involved personnel since March of
9  2022 and have had the pertinent documents since August 2, 2022.
10        On August 25, 2022, Plaintiffs' counsel sent a fax inquiring if Defendants
11  would stipulate to adding *only* Detectives Pira and Denning as parties. Defense
12  counsel said they would agree and asked for a proposed stipulation and amended
13  Complaint, but these were never provided. (Inlow Decl., ¶ 3). Instead, Plaintiffs filed a
14  motion seeking to add *only* Detectives Pira and Denning as parties, which was granted
15  by the Court. (Dkts. 53 and 62). The Court's Order specifically stated, "Plaintiffs have
16  moved to amend their complaint again because they have discovered the identities of
17  at least two of the police officers directly involved in decedent's death. The Court will
18  allow Plaintiffs to file another amended complaint – *against these officers individually*
19  *for Section 1983 violations and against the current Defendants*, in their official
20  capacities, under Monell." (Dkt. 62, emphasis added).
21        On October 18, 2022, Plaintiffs filed their Third Amended Complaint. (Dkt.
22  66). Without leave of court or the stipulation of Defendants and in direct disregard of
23  the Court's prior Order, Plaintiffs included as defendants six individual jailers (Dawn
24  Jurecka, Mayra Robles, Robert Factora, Taylor George, Glen Larson, and Tanya
25  (should be "Tania") Cooper). (Dkt. 66). Defendants immediately brought this and
26  other defects to Plaintiffs' counsel's attention in an attempt to avoid having to file yet
27  another motion to dismiss without avail. (Dkts. 86-1 and 86-2).
28

-2-
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI

On October 24, 2022, the Court's Scheduling Order dismissed all fictitiously named defendants. (Dkt. 77). On October 24, 2022, the Court also issued its Order re Jury Trial. (Dkt. 78). Per that Order, the last day to *hear* motions for leave to amend the pleadings was October 31, 2022. (Dkt. 78, ¶ A).

Since Plaintiffs refused to correct the defects in the Third Amended Complaint, Defendants filed their Motion to Dismiss portions of the Third Amended Complaint on October 28, 2022. (Dkt. 86). This motion is still pending.

On October 31, 2022, despite the Court's Orders, Plaintiffs nonetheless filed a motion seeking leave to further amend their complaint, specifically to file a proposed Fourth Amended Complaint which improperly includes the six jailers as defendants. It should be noted that the proposed Fourth Amended Complaint also contains the same defects as addressed in the pending Motion to Dismiss. As such, none of the six jailers are currently proper defendants in this action and there still is no operative pleading.

B.   Plaintiffs also Misrepresent the Discovery at Issue

On October 13, 2022, Defendant Burbank Chief of Police Michael Albanese served responses to the Further Interrogatories of Plaintiff B.L. Rosenfeld. In the verified responses, all jailers were identified again and confirmed to still be employees of the City of Burbank. Objections were lodged as to the balance of the supplemental interrogatories. (Inlow Decl., ¶ 4; Exhibit A). Plaintiffs then demanded supplemental responses to obtain the full name, date of birth, residence address and phone number for each jailer, business address and phone number for each jailer, and a narrative as to "all things that each such person (jailer) observed about Scott Rosenfeld."

The meet and confer took place in person at Mr. Yagman's home on October 27, 2022, which was the date he demanded. (Inlow Decl., ¶ 5). Defendant agreed to provide Plaintiffs with supplemental responses to Interrogatory Numbers 16 and 17 to provide the full name and business contact information for the six jailers. The supplemental response was served on November 2, 2022. (Inlow Decl., ¶ 6; Exhibit

-3-
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI

B). During the meet and confer meeting, defense counsel inquired why Plaintiffs needed the dates of birth and home addresses to which Mr. Yagman replied, "for trial subpoenas." Defense counsel offered to stipulate, in lieu of providing home addresses, to produce the jailer employees for trial upon reasonable notice and for deposition upon reasonable notice at a mutually convenient date without the need for a subpoena, but Mr. Yagman refused. (Inlow Decl., ¶ 7).

Later in the afternoon of October 27, 2022, Plaintiffs' counsel sent two faxes with the proposed joint stipulation. (Inlow Decl., ¶ 8; Exhibit C). However, defense counsel has never agreed to accept fax service and Plaintiffs' counsel was admonished by Judge Fischer to stop sending fax service at the Scheduling Conference. (Inlow Decl., ¶ 9). Defense counsel sent a letter to Plaintiffs' counsel on October 27, 2022, requesting preferably an emailed Word version to which Defendant Albanese could add his portions or a mailed copy of the joint stipulation. There was no response from Plaintiffs' counsel and no other version of the joint stipulation was ever received. Mr. Yagman refuses to use email and although he still sends faxes to defense counsel, his fax machine will not accept faxes. As such, written communication from defendants must be sent by U.S. Mail. (Inlow Decl., ¶ 10; Exhibit D). In addition, despite being admonished by Judge Fischer, Plaintiffs' counsel also refuses to serve all defense counsel with pleadings, discovery, and correspondence. (Inlow Decl., ¶ 11).

Despite never getting proper service of the joint stipulation, defense counsel prepared Defendant's portion of the joint stipulation and mailed it to Plaintiffs' counsel on November 2, 2022. (Inlow Decl., ¶ 12; Exhibit E).

On Friday, November 4, 2022, at about 10:55 a.m., Mr. Yagman called defense counsel Laura Inlow stating that he had not yet received Defendant's portion of the joint stipulation. Defense counsel indicated that while it was never properly served, defendant's portion had nonetheless been mailed on November 2, 2022. Mr. Yagman threatened that if he did not have a copy delivered to him by personal service before 3:00 p.m. on Friday, November 4, 2022, he would file the motion to compel and

represent to the Court that Defendant failed to participate in the joint stipulation. He then hung up the phone. (Inlow Decl., ¶ 13).

Immediately after speaking with Mr. Yagman, defense counsel Inlow contacted defense counsel Senior Assistant City Attorney Ashlee Clark to convey the content of the call and to inquire if the City wished to incur the expense of personal delivery of the joint stipulation. Even though the joint stipulation had never been properly served and Defendant had mailed it back to Plaintiffs' counsel in a timely fashion, Ms. Clark authorized the personal delivery. (Inlow Decl., ¶ 14). Ms. Inlow's assistant, Adriana Dori, immediately contacted a courier service to deliver the joint stipulation to Mr. Yagman before 3:00 p.m. at a cost of $123.00. At about 11:45 a.m., Ms. Dori left a voice message for Mr. Yagman indicating that the joint stipulation had been provided to a courier who would deliver it before 3:00 p.m. (Dori Decl., ¶ 2-3; Exhibit F).

Shockingly, at 12:51 p.m. on Friday, November 4, 2022, Mr. Yagman nonetheless filed the instant motion inexplicably and intentionally misrepresenting to the Court that Defendant failed to comply with Rule 37 and the joint stipulation process. (Dkt. 95). Defense counsel Inlow immediately left a voice message for Mr. Yagman demanding that he withdraw Docket 95 as it was factually inaccurate and clear gamesmanship. Defense counsel also indicated that Defendants would seek sanctions and reimbursement of the wasted courier fee. There was no response from Mr. Yagman and the defective motion was not withdrawn. (Inlow Decl., ¶ 15).

### III. PLAINTIFFS' MOTION SHOULD BE DISMISSED FOR FAILING TO COMPLY WITH L.R. 37-2 ET SEQ.

Local Rule 37-2 establishes that if counsel are unable to settle their differences, they *must* formulate a written stipulation…which *must* be filed and served with the notice of motion. L.R. 37-2. Despite the above, Plaintiffs' motion once again fails to contain a joint stipulation. Plaintiffs have already filed at least five other discovery motions, and none contain a joint stipulation. (See Dkts. 64, 72, 73, 75 and 81).

-5-
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI

Local Rule 37-2.1 then provides that the stipulation *must* be set forth in one document signed by both counsel and *must* contain all issues in dispute and may not refer the Court to any other documents. Specifically, L.R. 37-2.1 establishes that the stipulation *must* contain *verbatim*, both the discovery request and the allegedly insufficient answer. L.R. 37-2.1 (emphasis added). Plaintiffs' motion fails all these requirements as well.

Finally, Local Rule 37-2.4 provides that the Court will not consider any discovery motion in the absence of a joint stipulation except under certain delineated circumstances. While Plaintiffs attempt to fall into category (a) by alleging that Defendants failed to comply with the joint stipulation process, this is patently untrue as established herein.

## IV.  PLAINTIFFS' MOTION SHOULD BE DENIED ON THE MERITS

As stated above, Defendant Albanese has already provided a supplemental response. Defendant Albanese, on behalf of the non-party jailers, still objects to the following portions of the further interrogatories:

<u>Interrogatory 16(B)</u>

This seeks the date of birth of each City jailer. Defendant objects that this information is irrelevant, privileged as private, and providing it could pose an officer safety issue. Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Court's balance the need for the information against the claimed privacy right. *Stallworth v. Brollini*, 288 FRD 439, 444 (N.D. CA 2012). The Court will consider "various factors in the balancing analysis, including 1) the type of information requested, 2) the potential for harm in any subsequent non-consensual disclosure, 3) the adequacy of safeguards to prevent unauthorized disclosure, 4) the degree of need for access, and 5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010).

Stated another way, resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. *Rubin v. Regents of Univ. of Calif.*, 114 FRD 1, 2 (N.D. CA 1986).

Here, the potential for abuse and officer safety issues outweighs the Plaintiffs' entitlement to this information. Plaintiffs have already shown a disregard for protecting privacy rights by refusing to sign the stipulated protective order and by filing the coroner's report with the date of birth of Plaintiffs' decedent as well as the home address of Plaintiff Glass. (Dkts. 47 and 66). Moreover, there is absolutely no need for this information as defense counsel has offered to produce these witnesses without the need for a subpoena rendering this request irrelevant.

Interrogatory 16(C) and (D)

These demand the residence address and phone numbers of each of the six non-party jailers. Defendant objects that this information is irrelevant, privileged as private, and providing it could pose an officer safety issue as addressed above. Moreover, defense counsel has offered to produce these witnesses without the need for a subpoena rendering this request irrelevant.

Interrogatory 16(E)

This seeks a narrative as to "all things that each such person (jailer) observed about Scott Rosenfeld." Defendant objects that the request is vague as to time, so overbroad as to be burdensome, is complex and compound as it refers to the potential observations of six separate individuals over an unidentified time frame, and would require a hearsay account by the Chief as to the observations of potential witnesses.

Interrogatory 17

This interrogatory sought "As to each person who is required to be identified, or who should be identified, in response to interrogatory 16, set forth, what each such person reported, whether verbally or in writing, to the Burbank police department or

its officers about Scott Rosenfeld, to whom it was reported, and the dates of all such reports."

Defendant objects as outlined above because the interrogatory is vague as to time, so overbroad as to be burdensome, is complex and compound as it refers to the potential observations and reports of six separate individuals over an unidentified time frame and would require a hearsay account by the Chief as to the observations and reports of potential witnesses to any member of the Burbank Police Department. Plaintiffs have already been provided with all known "reports" pertaining to the incident made by the six jailers. In addition, while not "reports" of the jailers, Defendants recently served their Second Amended Disclosure of Documents producing the jailer logs pertaining to Plaintiffs' decedent. (Inlow Decl., ¶ 16). Thus, Plaintiffs already have in their possession all documentation pertaining to the jailers' "observations" of Scott Rosenfeld.

## V. SANCTIONS UNDER RULE 37 AND RULE 11 SHOULD BE SHOULD BE AWARDED TO DEFENDANTS.

Local Rule 37-4 establishes that the failure of any counsel to comply with or cooperate in the discovery motion procedures may result in the imposition of sanctions. Plaintiffs' counsel's conduct pertaining to this motion is outrageous. The facts outlined herein underscore both the efforts exerted by defense counsel to work cooperatively with Plaintiffs' counsel and the impossibility of doing so. Mr. Yagman fails to act professionally and civilly on the most basic level reflected in his refusal to provide a viable email, when he clearly has email as he files by PACER, and his refusal to provide a fax number that can receive documents, when he clearly has a fax machine as he faxes documents routinely. He continues to improperly fax serve defense counsel and refuses to serve all defense counsel.

More egregiously, here Mr. Yagman has filed an intentionally false and misleading motion with the Court. Despite never properly serving the joint stipulation,

defendant prepared his portion and timely returned it by mail, which is the only avenue of communication available based on counsel's refusal to use email. Defendants should not have to constantly incur delivery fees because Mr. Yagman refuses to use email. When Mr. Yagman called demanding personal delivery of Defendant's portion by 3:00 p.m. on November 4, 2022, Defendant incurred courier fees to comply with the baseless demand. Then, despite Defendant's compliance with the arbitrary demand, Mr. Yagman filed the instant motion 2 hours prior to his own deadline and intentionally misrepresented the facts to this Court.

*Federal Rule of Civil Procedure* 11 provides, in relevant part:

By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

\*\*\*

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Rule 11 is intended to "curb delay and expense caused by the filing of unsupported pleadings and motions." *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir. 1986). Rule 11 provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." FRCP 11(c)(2). Under Rule 11, the imposition of sanctions for either a "frivolousness" or an "improper purpose" does not require a finding of subjective bad faith by the signer of the paper. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir. 1986), overruled on other grounds, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). Rather, Rule 11 demands only that such inquiries be measured against an objective standard of reasonableness. *Zaldivar*, 780

F.2d at 829; see also *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1991).

Rule 11(c)(3) provides as follows: "*On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."

Finally, the actions of Plaintiffs' counsel violate several of the Civility and Professionalism Guidelines, including but not limited to the obligations to "treat adverse parties…with fairness and due consideration," to "adhere to all express promises and to agreements with other counsel." Civility and Professionalism Guidelines (A)(4) and (B)(1).

Here, Plaintiffs and more specifically their counsel have persisted in filing and advocating this factually inaccurate and intentionally misleading motion. At a very minimum, Defendant should be reimbursed the $123.00 incurred for the wasted courier fees on November 4, 2022. However, additional sanctions, both monetary and an admonishment from the Court, are warranted to curb the ongoing egregious behavior of Plaintiffs' counsel. Defendants again renew their request that the Court hold discovery conferences prior to the filing of any future discovery motions to attempt to avoid future frivolous and misleading motions which are wasting the resources of both the Court and Defendants. (Inlow Decl., ¶ 16).

///
///
///

## VI. CONCLUSION

For all the reasons outlined herein, Defendants respectfully request that Plaintiffs' motion be denied and that sanctions be awarded to Defendants.

DATED: November 8, 2022         COLLINSON, DAEHNKE, INLOW & GRECO

By: *Laura E. Inlow* (signature)
Laura E. Inlow, Esq.
Attorneys for Defendants, BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, BURBANK POLICE CHIEF ALBANESE, PIETRO PIRA, AARON DENNING DAWN JURECKA, MAYRA ROBLES, ROBERT FACTORA, TAYLOR GEORGE, GLEN LARSON, AND TANIA COOPER

## DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California and the Central District and am a partner with of the law firm of Collinson, Daehnke, Inlow & Greco, co-attorneys of record for Defendants herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. On August 2, 2022, Defendants produced relevant documents, including the jail records which clearly reflect the identity of each jailer. When Mr. Yagman represented that he could not access the electronically sent documents, two duplicate productions were made in different formats.

3. On August 25, 2022, Plaintiffs' counsel sent a fax inquiring if Defendants would stipulate to adding *only* Detectives Pira and Denning as parties. Defense counsel said they would agree and asked for a proposed stipulation and amended Complaint, but these were never provided.

4. On October 13, 2022, Defendant Burbank Chief of Police Michael Albanese served responses to the Further Interrogatories of Plaintiff B.L. Rosenfeld. In the verified responses, all jailers were identified again and confirmed to still be employees of the City of Burbank. Objections were lodged as to the balance of the supplemental interrogatories. A true and correct copy of this discovery response is attached hereto as Exhibit A.

5. The meet and confer regarding this motion took place in person at Mr. Yagman's home on October 27, 2022, which was the date he demanded.

6. Defendant agreed to provide Plaintiffs with supplemental responses to Interrogatory Numbers 16 and 17 to provide the full name and business contact

1  information for the six jailers. The supplemental response was served on November 2,
2  2022. A true and correct copy of the supplemental response is attached as Exhibit B.

3      7.    During the meet and confer meeting, I inquired why Plaintiffs needed the
4  dates of birth and Mr. Yagman stated, "for trial subpoenas." I offered to stipulate, in
5  lieu of providing home addresses, to produce the jailer employees for trial upon
6  reasonable notice and for deposition upon reasonable notice at a mutually convenient
7  date without the need for a subpoena, but Mr. Yagman refused.

8      8.    Later in the afternoon of October 27, 2022, Plaintiffs' counsel sent two
9  faxes with the proposed joint stipulation. True and correct copies of these faxes are
10 attached hereto and marked as Exhibit C.

11     9.    However, I have never agreed to accept fax service and Plaintiffs'
12 counsel was admonished by Judge Fischer to stop sending fax service at the
13 Scheduling Conference.

14     10.    I sent a letter to Plaintiffs' counsel on October 27, 2022, requesting
15 preferably an emailed Word version to which Defendant Albanese could add his
16 portions or a mailed copy of the joint stipulation. There was no response from
17 Plaintiffs' counsel and no other version of the joint stipulation was ever received. Mr.
18 Yagman refuses to use email and although he still sends faxes to defense counsel, his
19 fax machine will not accept faxes. He also refuses to use email. As such, written
20 communication from defendants must be sent by U.S. Mail. A true and correct copy
21 of my letter is attached hereto and marked as Exhibit D.

22     11.    In addition, despite being admonished by Judge Fischer, Plaintiffs'
23 counsel also refuses to serve all defense counsel with pleadings, discovery, and
24 correspondence.

25     12.    Despite never getting proper service of the joint stipulation, I prepared
26 Defendant's portion of the joint stipulation and mailed it to Plaintiffs' counsel on
27 November 2, 2022. A true and correct copy of Defendant's response re the Joint

Stipulation and accompanying cover letter to Mr. Yagman are attached hereto and marked as Exhibit E.

13. On Friday, November 4, 2022, at about 10:55 a.m., Mr. Yagman called me stating that he had not yet received Defendant's portion of the joint stipulation. I stated that while it was never properly served, defendant's portion had nonetheless been mailed on November 2, 2022. Mr. Yagman threatened that if he did not have a copy delivered to him by personal service before 3:00 p.m. on Friday, November 4, 2022, he would file the motion to compel and represent to the Court that Defendant failed to participate in the joint stipulation. He then hung up the phone.

14. Immediately after speaking with Mr. Yagman, I contacted defense counsel Senior Assistant City Attorney Ashlee Clark to convey the content of the call and to inquire if the City wished to incur the expense of personal delivery of the joint stipulation. Even though the joint stipulation had never been properly served and Defendant had mailed it back to Plaintiffs' counsel in a timely fashion, Ms. Clark authorized the personal delivery. Accordingly, I instructed my assistant, Adriana Dori, to provide the previously served portion of the joint stipulation to a courier service and for them to personally serve it to Mr. Yagman's proof of service address before 3:00 p.m. I was advised by Ms. Dori that this was done at a cost of $123.00. I also directed Ms. Dori to leave a voice message for Mr. Yagman, as he almost never answers his phone, stating that the papers would be personally delivered as he had demanded.

15. Shockingly, at 12:51 p.m. on Friday, November 4, 2022, Mr. Yagman nonetheless filed the instant motion inexplicably and intentionally misrepresenting to the Court that Defendant failed to comply with Rule 37 and the joint stipulation process. (Dkt. 95). I immediately left a voice message for Mr. Yagman demanding that he withdraw Docket 95 as it was factually inaccurate and clear gamesmanship. I also indicated that Defendants would seek sanctions and reimbursement of the wasted

-14-
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL; DECLARATIONS OF LAURA E. INLOW AND ADRIANA DORI

courier fee. There was no response from Mr. Yagman and the defective motion was not withdrawn.

16. Plaintiffs and more specifically Mr. Yagman has persisted in filing and advocating this factually inaccurate and intentionally misleading motion to compel. At a very minimum, Defendant should be reimbursed the $123.00 incurred for the wasted courier fees on November 4, 2022. However, additional sanctions, both monetary and an admonishment from the Court, are warranted to curb the ongoing egregious behavior of Plaintiffs' counsel. Defendants again renew their request that the Court hold discovery conferences prior to the filing of any future discovery motions to attempt to avoid future frivolous and misleading motions. I have spent two hours preparing this opposition and another 15 minutes speaking with Mr. Yagman on November 4, 2022 and arranging for the personal service. I am paid $250 per hour for my work on this matter.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct. Executed this 8th day of November 2022 in Torrance, California.

<em>Laura E. Inlow</em><br>Laura E. Inlow

# DECLARATION OF ADRIANA DORI

I, Adriana Dori, declare and state as follows:

1. I am the assistant to Laura E. Inlow, co-attorneys of record for Defendants herein. The following is based upon my personal knowledge and I would competently testify thereto under oath.

2. On November 4, 2022, at about 11:00 a.m., Ms. Inlow directed me to contact a courier company to have the letter and joint stipulation previously mailed to Mr. Yagman on November 2, 2022, personally delivered to Mr. Yagman. I arranged to have the papers personally delivered by 3:00 p.m. The cost for the personal delivery was $123.00. A true and correct copy of the invoice is attached hereto and marked as Exhibit F.

3. Once the courier was arranged, I left a voice message for Mr. Yagman at about 11:45 a.m. on November 4, 2022, confirming that the personal service would be made prior to 3:00 p.m. that day.

I declare under the penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Dated this 8th day of November 2022 in Torrance, California.

_____
Adriana Dori