ASHLEE P. CLARK, SR. ASST. CITY ATTY.
State Bar No. 278672
JILL A. VANDER BORGHT, SR. ASST. CITY ATTY.
State Bar No. 240004
JOSEPH MCDOUGALL, CITY ATTORNEY
State Bar No. 197689
275 East Olive Avenue
Burbank, CA 91502
Tel: (818) 238-5707/Fax: (818) 238-5724
Email: AClark@burbankca.gov

COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, SBN 130584
Email: laura.inlow@cdiglaw.com
Lenore C. Kelly, SBN 170891
Email: lenore.kelly@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757

Attorneys for Defendants, BURBANK MAYOR TALAMANTES, BURBANK CITY COUNCIL MEMBERS ANTHONY, FRUTOS, SCHULTZ, SPRINGER, BURBANK CITY MANAGER HESS, BURBANK ASST. CITY MANAGER WILKE, BURBANK POLICE CHIEF ALBANESE, DAWNA JURECKA, MAYRA ROBLES, ROBERT FACTORA, TAYLOR GEORGE, GLEN LARSON, A. DENNING, P. PIRA, AND TANIA COOPER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DR. DR. B.L. ROSENFELD and J. GLASS, as the parents of Scott Rosenfeld, a Black Man who was killed in custody by the Burbank, California police,<br><br>Plaintiff,<br><br>v.<br><br>BURBANK MAYOR JESS TALAMANTES, ET AL.,<br>Defendants. | CASE NO. 22-CV-00497-DSF-E<br>Action Filed: January 24, 2022<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. 133)**<br><br>Date:   February 27, 2023<br>Time:   1:30 p.m.<br>Location:   7D<br><br>Trial Date: October 17, 2023 |

**TO THE HONORABLE COURT, PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

1    Defendants hereby submit this joint opposition to Plaintiffs' motion for
2  reconsideration. (Dkt. 133).
3
4
5  DATED: February 2, 2023          COLLINSON, DAEHNKE, INLOW & GRECO
6
7                                   By: _____
                                        *[signature: Laura E. Inlow]*
8                                       Laura E. Inlow, Esq.
                                        Lenore C. Kelly, Esq.
9                                       Attorneys for Defendants, BURBANK
                                        MAYOR TALAMANTES, Et AL.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The facts of this matter are well-known to the Court as the ruling at issue is the Court's ruling on Defendants' motion to dismiss portions of the Fourth Amended Complaint. In sum, Plaintiffs assert that the Court's ruling dismissing the second cause of action for conspiracy brought pursuant to 42 U.S.C. §1983 based on qualified immunity was an error. (Dkt. 125). Specifically, Plaintiffs contend that the ruling in *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1059-60 (9th Cir. 2020), reversed on other grounds by *Fed. Bureau of Investigation v. Fazaga*, 142 S.Ct. 1051 (2022), only applies to conspiracy claims brought under 42 U.S.C. §1985(3) and not to §1983 claims. As established below, this argument lacks merit and the motion for reconsideration should be denied.

## II.   LEGAL STANDARD ON MOTION FOR RECONSIDERATION

The Plaintiffs' motion for reconsideration is properly evaluated under *Federal Rule of Civil Procedure* 60(b). A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Where a motion for reconsideration does not identify the Rule under which it was filed, courts in the Ninth Circuit construe it as filed under Rule 59(e) if it was filed within ten days of the filing of the judgment. *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892,

898-99 (9th Cir. 2001). Here, the Plaintiffs have not identified which rule governs the instant motion. However, as the current motion was filed fourteen (14) days after the Court's ruling, it is properly construed as filed pursuant to Rule 60(b).

Rule 60(b) governs reconsideration of "a final judgment, order, or proceeding" of the district court. That rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The party making the Rule 60(b) motion bears the burden of proof. See *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020); see also *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (stating that "Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)); *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances").

"[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013). A motion for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cnty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll*, 342 F.3d at 945)).

## III. PLAINTIFFS FAILED TO RAISE THEIR ARGUMENT IN THEIR PRIOR PAPERS AND OFFER NO NEW EVIDENCE OR LAW

Here, Plaintiffs appear to argue that the Court committed clear error based on their argument that the *Fazaga* ruling only applies to claims brought under section 1985(3) and not to section 1983 claims. However, Plaintiffs did not raise this argument in their opposition to the underlying motion to dismiss (Dkt. 117), so this argument is not a proper basis for a motion for reconsideration under Rule

60(b). Similarly, Plaintiffs offer no new evidence or law but merely improperly seek "one additional chance to sway the judge." Accordingly, the standard for a motion for reconsideration has not been met and the motion should be denied.

## IV.   THE COURT'S RULING WAS CORRECT

Plaintiffs' claim also fails on its merits. As all Defendants in this matter are employees of the City of Burbank, the intra-corporate conspiracy doctrine precludes this claim. Under the intra-corporate conspiracy doctrine, intra-corporate communications and actions may not form the basis of a conspiracy of civil rights. *Hoefer v. Fluor Daniel, Inc.,* 92 F.Supp.2d 1055, 1055 (C.D. Cal. 2000). "The agreement between or among agents of the same legal entity, where the agents are acting in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017).

In *Fazaga v. Fed. Bureau of Investigation,* 965 F.3d 1015, 1060 (9th Cir. 2020), reversed on other grounds by *Fed. Bureau of Investigation v. Fazaga*, 142 S.Ct. 1051 (2022), the Ninth Circuit considered the doctrine in the context of a section 1985(3) claim and noted that the United States Supreme Court has not adopted the intra-corporate conspiracy doctrine, and the circuits are split on the issue. In *Armstrong v. Reynolds*, 22 F.4th 1058 (9th Cir. 2021), the doctrine was applied in a section 1985(3) case. Likewise, in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867-1869 (2017), the Supreme Court found the defendants were entitled to qualified immunity on a section 1985(3) conspiracy claim as all defendants were

employees of the same governmental branch and department. The Supreme Court specifically noted that qualified immunity was appropriate because the Supreme Court had not yet ruled on this issue and because there is a division in the courts of appeal as to whether the doctrine applies to civil conspiracies which all establish that the law on this point is not well-established. Since the issue is unsettled as to section 1985(3) claims, it follows that the matter is similarly unsettled as to section 1983 claims. In fact, Plaintiffs offer no case law supporting their assertion that the doctrine is inapplicable to a section 1983 conspiracy claim. Thus, this Court properly held the defendants were qualifiedly immune on the civil rights conspiracy claim.

## V. CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court deny Plaintiffs' motion.

DATED: February 2, 2023       COLLINSON, DAEHNKE, INLOW & GRECO

By: _____
Laura E. Inlow, Esq.
Lenore C. Kelly, Esq.
Attorneys for Defendants, BURBANK MAYOR TALAMANTES, ET AL.